15208

### FOLSOM v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT

(13 S. E. (2d), 130)

*Messrs. John M. Daniel,* Attorney General, *M. J. Hough* and *T. C. Callison,* Assistant Attorneys General, *L. M. Cantrell* and *Robinson & Robinson,* for appellant,

*Mr. Heyward Brockinton,* for respondent.

February 3, 1941.

The opinion of the Court was delivered by Mr. Chief Justice Bonham.

July 22, 1940, Woodward H. Folsom was arrested by a policeman of the City of Columbia on the charge of driving his automobile on the streets of Columbia while he was under the influence of intoxicating liquors, and he was in-

carcerated in the city jail. The next day his employer secured his release, appeared for him in the city Court and entered his plea of guilty of the charge. The Court imposed a sentence of thirty days' imprisonment or a fine of $50.50 of which fine $25.00 was suspended. The fine of $25.50 was paid. July 29, 1940, the recorder of Columbia, Hon. Richard E. Broome, notified the Highway Department in writing of the fact that Woodward H. Folsom had been convicted of driving his car while he was drunk and sentenced to pay a fine of $50.50 or be imprisoned for a period of thirty days. On July 31, 1940, the director of the motor vehicle division of the State Highway Department notified Mr. Folsom that his driver's license had been suspended for a period of six months because he had been driving while under the influence of intoxicants. Thereafter, August 10, 1940, the recorder sent to the motor vehicle division of the State Highway Department a leter stating that Mr. Folsom's case had been reopened and the charge changed to reckless driving, and asking that Mr. Folsom's license be returned to him. The Highway Department refused to return it. There appears in the record a certificate of the city recorder, in which appears the following statement:

"About four weeks after the trial had been held while attending Court at police headquarters, Mr. A. C. Fitts, the stenographer at police headquarters, handed me a letter which in this record is marked Exhibit 'A,' purporting to be the testimony of the arresting officer and which I signed without giving the same any consideration whatever. The next day when I went down to Court I asked Mr. Fitts if that was the testimony of Mr. Hembree, the arresting officer, and he stated to me that it was not, that Mr. Hembree had never appeared before him but that he had been directed by someone else to write this letter.

"I wish to state further that the trial was never reopened and any additional testimony presented in the case whatever. The arresting officer was confronted with the matter by his sergeants and asked if he had given authority for the

letter marked as Exhibit 'A' and he stated that he had not given any such authority to any person, at which time he voluntarily signed the affidavit appearing under date of September 5, 1940, which affidavit was probated by me. This the 26th day of October, 1940.

RICHARD E. BROOME."

· October 1, 1940, Mr. Folsom filed in the County Court for Richland County his petition asking that the suspension of his license be set aside. October 2, 1940, the County Court issued its order requiring the Highway Department to show cause why the prayer of the petition should not be granted, and temporarily enjoining the Highway Department from arresting Mr. Folsom for driving without a license. October 28, 1940, the Highway Department filed its petition asking that the case be reopened, which petition was refused. The Highway Department then made return and answer to the petition, setting forth: First, that the petition did not state facts sufficient to constitute a cause of action because it appears on its face that it is a suit against the State for the bringing of which there is no statutory authority. Second, that the petitioner has a complete and adequate remedy under the provisions of Section 5990 of the Code of 1932, which provides the right of application to the Circuit Judge to determine whether petitioner is entitled to a license or is subject to suspension. Third, that the right of appeal provided in Section 5990 is exclusive. Fourth, that the Court is without authority to enjoin or restrain the enforcement of criminal proceedings of this nature. Fifth, that when the fine imposed by the recorder had been paid, the case was ended, and the recorder's Court no longer had jurisdiction of it.

The matter was heard by the Judge of the County Court on the petition, the return and answer, and the exhibits attached to the pleadings. October 18, 1940, the Court issued its order granting the prayer of Mr. Folsom's petition.

From the orders granting the petition of Mr. Folsom, and refusing the petition of the Highway Department to reopen

the case, the Highway Department appeals to this Court upon eight exceptions, not all of which need be specifically noticed, but all of which will be embraced in the result of our opinion.

There are exceptions which challenge the jurisdiction of the County Court on the ground that the petitioner-respondent, having pleaded guilty to the charge of driving his car while under the influence of intoxicants and having paid the fine imposed upon him in the recorder's Court, the case was ended and there was nothing upon which it could be taken to the County Court. These exceptions must be sustained. The case of the *Town of Batesburg v. Mitchell*, 58 S. C., 564, 37 S. E., 36, 38, and the authorities there cited, expressly decide this issue.

In that case the appellants had been convicted of an offense against the ordinance of the Town of Batesburg, and a fine imposed. They paid the fine under protest and attempted to appeal their case to the Court of General Sessions. Judge Gary, presiding in that Court in Lexington, held that the appeal would not lie, that the fine imposed upon the defendants having been paid, the case was ended and there was nothing from which defendants could appeal. The case was taken to the Supreme Court and that tribunal, in an opinion by Chief Justice McIver, said: " * * * As we have seen, the statute provides how an appeal may be taken in a case like this, and makes [special] provision as to how a party convicted may avoid compliance with the sentence pending his appeal, and we are at a loss to perceive by what authority these defendants could substitute any other mode of obtaining that end than the mode specially provided by the statute. There can be no doubt that an appellate tribunal cannot and will not do such a nugatory act as to hear an appeal from a sentence which has already been complied with, for that would be to decide a mere speculative question, and this, it has been frequently held, the court will not do. *Ex parte Pereira*, 6 Rich., 149; *State v. Gathers*, 15 S. C., 370. See, also, *Smith v. United States*, 94 U. S., 97, 24 L. Ed., 32;

*Bohanan v. Nebraska,* 125 U. S., 692, 8 S. Ct., 1390, 31 L. Ed., 854. * * * ."

In the present case, the fine imposed having been paid and the case ended, the recorder's Court had lost jurisdiction. Therefore, if the case had been reopened, as it is sought to be shown by the respondent, and the charge changed from driving an automobile while drunk to one of reckless driving, the action would have been nugatory; but the case was never reopened and no additional testimony was presented, as shown by the certificate of the recorder, quoted hereinabove.

We might well end this statement of the views of the Court at this point as we have by our action disposed of the appeal, but certain other issues made by the exceptions may well be settled.

We think the county Judge erred in setting aside the action of the Highway Department in suspending the driver's license of Mr. Folsom, because the department had before it the notification from the recorder's Court that Mr. Folsom had pleaded guilty in that Court of driving an automobile on the streets of the City of Columbia while he was under the influence of intoxicating liquors. The license was properly suspended under the statute laws of the State.

The Court erred in restraining the suspension of Folsom's driver's license. The Court had no jurisdiction or power to enjoin the enforcement of a criminal statute, or proceeding except in circumstances which do not prevail here.

It needs but to cite the case of *Stoval v. Sawyer,* 181 S. C., 379, 187 S. E., 821, and the cases there cited, to sustain this postulate. From page 384 of 181 S. C., from page 823 of 187 S. E., of the above case we take the following: "The rule is thus stated in *Cain v. Daly,* 74 S. C., 480, 55 S. E., 110, 112: 'Ordinarily a court of equity has no jurisdiction to restrain criminal proceedings unless such proceedings are instituted by a party to the suit in equity to try the same right in issue before the court of equity. *In re Sawyer,* 124

U. S., 200, 8 S. Ct., 482, 31 L. Ed., 402; *Crighton v. Dahmer,* 70 Miss., 602, 13 So., 237, 21 L. R. A., 84, and note, 35 Am. St. Rep., 666, and note at page 677; 5 Am. & Eng. Dec., in Equity, and citations at page 51. But when the ordinance or statute under which the prosecutions are had is clearly void and irreparable injury to property rights may result for its enforcement, equity may interfere. *Dobbins v. Los Angeles,* 195 U. S., 223, 25 S. Ct., 18, 22, 49 L. Ed., 169; *Georgia R. & Banking Co. v. Atlanta,* 118 Ga., 486, 45 S. E., 256, 258, following *City of Atlanta v. Gate City Gas Light Company,* 71 Ga., 106, 126; 16 Ency. Law, 372.' "

It was error to hold that the County Court has jurisdiction to entertain the petition to enjoin the suspension of petitioner's driver's license. It is plain from the provisions of Section 5990 of the Code of 1932, that petitioner had adequate remedy at law by appeal from the action of the Highway Department to the Circuit Judge. The error being in this case that the petition was filed with the County Court more than thirty days after the suspension of the license, whereas, Section 5990 provides that appeal from suspension of driver's license shall be made within thirty (30) days after the suspension.

It is the judgment of this Court that the orders of the County Court appealed from be reversed.

MESSRS. JUSTICES CARTER, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE G. B. GREENE concur.