21388

Jesse R. WINGATE, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant.

(274 S. E. (2d) 917)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard D. Bybee* and *Staff Atty. Patrick M. Teague,* Columbia, *for appellant.*

*John E. Parker, Murdaugh, Peters, Parker & Eltzroth,* Hampton, *for respondent.*

February 4, 1981.

HARWELL, Justice:

The South Carolina State Highway Department appeals the decision of the trial court judge ordering the Department to restore the suspended license of respondent Jesse R. Wingate. We reverse.

Acting upon a report submitted by one of its patrolmen who had observed the respondent, the Department, pursuant to Sectiton 56-1-270 of the Code of Laws of South Carolina (1976), required Wingate to submit to a driver's re-examination as well as furnish certificates from his physician and optometrist certifying his physical capacity to operate a mo-

tor vehicle. The physician and optometrist gave positive reports. Wingate, however, failed his driving examination. The Department then informed Wingate by letter on January 16, 1979, that his driver's license was revoked, the revocation to commence on January 31, 1979. The Department also stated that if Wingate later successfully completed the test, the revocation would be reviewed.

On March 27, 1979, Wingate served the Department with a rule to show cause why the revocation should not be enjoined. Additionally, the Department was ordered to restore the driver's license pending determination of the matter. In its final order, the trial court ordered the permanent reinstatement of the license. We find that the trial judge erred by assuming jurisdiction in this matter.

Section 56-1-410 of the Code provides in pertinent part: "Any person denied a license or whose license has been cancelled, suspended or revoked by the Department . . . may file a petition within thirty days thereafter for a hearing in the matter in a court of record in the county wherein such person shall reside. Such court is hereby vested with jurisdiction . . ." This section creates jurisdiction to review these matters, *Herndon v. South Carolina State Highway Department,* 226 S. C. 384, 85 S. E. (2d) 287 (1955), and compliance with its terms is mandatory. *Folsom v. South Carolina State Highway Department,* 196 S. C. 167, 13 S. E. (2d) 130 (1941). The respondent deprived the circuit court of jurisdiction by allowing the thirty-day period to pass. The decision of the Department was therefore not subject to review.

Reversed.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.