22692

Ralph TRISKA, Respondent v. DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Murrells Inlet Concerned Citizens Association, A. T. Quantz, David H. Michaux, III, and Dr. H. P. Worrell, Appellants.

(355 S. E. (2d) 531)

Supreme Court

*Gen. Counsel Walton J. McLeod, III, Staff Counsel John Harleston, S. C. Dept. of Health and Environmental Control, Atty. Gen. T. Travis Medlock* and *Senior Asst. Atty. Gen. Kenneth P. Woodington,* Columbia, *for appellant Dept. of Health and Environmental Control.*

*Hardwick Stuart, Jr., James H. Quackenbush, Jr.,* and *Theodore Von Keller, Adams, Quackenbush, Herring & Stuart, P. A.,* Columbia, *for appellants Murrells Inlet Concerned Citizens Ass'n, A. T. Quantz, David H. Michaux, III,* and *Dr. H. P. Worrell.*

*Ellison D. Smith, IV,* and *E. Jeannette Heyward, Long, Smith* and *Jordan,* Charleston, *for respondent.*

Heard Dec. 6, 1986.

Decided April 6, 1987.

FINNEY, Justice:

This appeal is from an order of the trial court which reversed an October 17, 1984, decision of the appellant South Carolina Department of Health and Environmental Control (DHEC). In its October 17, 1984, decision DHEC revoked a 401 Water Quality Certification granted by the agency in November 1979. We affirm the order of the trial court.

In 1979 respondent Ralph Triska applied to DHEC, the South Carolina Coastal Council, and the Army Corp of Engineers for the necessary certification and permits to construct a marina at Smith's Landing in Murrells Inlet. DHEC held public hearings and on November 8, 1979, issued Triska a 401 Water Quality Certification, with certain conditions, certifying that the proposed project was in conformity with the applicable water quality standards specified in Section

401 of the Federal Clean Water Act of 1977, 33 U.S.C.A., § 1341. At the time, no one contested certification of the project. After obtaining the 401 Certification from DHEC, which is a prerequisite to issuance of permits by the Army Corp of Engineers and the Coastal Council, Triska submitted permit requests to these agencies.

The permit request before the South Carolina Coastal Council was contested by the appellant Murrells Inlet Concerned Citizens Association (Murrells Inlet Association) in an adjudicatory hearing. After hearing all the testimony, Coastal Council granted Triska a permit authorizing alterations in the Murrells Inlet coastal zone area for purposes of constructing the marina.

The Army Corp of Engineers was in the process of reviewing the permit when, in April 1982, DHEC notified the Army Corp of Engineers and Triska that it was suspending 401 Certification pending a limited internal agency review of three issues: 1) disposal of spoil from excavation and dredging; 2) applicability of the "dead-end canal" concept to the marina basin; and 3) adequacy of depth in the natural channel in Main Creek approaching the marina site. DHEC requested the Corp Engineers to withhold action on the permit until the outcome of its internal review. There was no public notice of DHEC's review of the project nor were comments solicited from other federal and state agencies.

On May 4, 1982, DHEC decided that no further review was necessary and reinstated Triska's 401 Certification with certain modified conditions, which were accepted by Triska. DHEC's review was primarily limited to existing data; however, it utilized a depth study of Main Creek conducted by the Army Corp of Engineers. On the following day, the Army Corp of Engineers issued its permit authorizing construction of the marina.

On May 14, 1982, the Murrells Inlet Association filed a petition with DHEC for an adjudicatory hearing to challenge reinstatement of the 401 Certification. Over the objection of DHEC's staff and Triska, DHEC granted the Association's petition for an adjudicatory hearing. On March 24, 1983, DHEC's Board reviewed the hearing record, suspended the 401 Certification, and directed its staff to conduct a complete review of the project.

In May, 1983, DHEC gave public notice of its review of the 401 Certification and solicited comments from the public and other agencies. In July and August of 1983, DHEC staff performed a limited water quality study of an existing marina complex in Murrells Inlet near the proposed Triska marina site and prepared a written report for submission to the DHEC Board.

In December 1983, the DHEC Board ordered that the adjudicatory hearing which it had earlier granted be reopened to allow the DHEC staff study and any other new information to be included in the hearing record. An adjudicatory hearing was held September 10, 1984, at which time the Murrells Inlet study performed by DHEC staff in July and August of 1983 and other related testimony were allowed. Triska participated in the hearing, but objected to DHEC's jurisdiction. After reviewing the record and hearing from Triska, Murrells Inlet Association, and DHEC staff, the DHEC Board issued a written order on October 17, 1984, revoking Triska's 401 Certification.

Triska appealed to the trial court for review pursuant to the Administrative Procedures Act, S. C. Code Ann. § 1-23-380 (1976). The court held that DHEC unlawfully revoked the Certification, and accordingly, it reinstated the 401 Certification.

The central issue to be decided by this Court is whether DHEC has authority to review, suspend and revoke a 401 Certification after it has been granted by the agency and the appeals process expired. We conclude that DHEC is without such authority.

DHEC is a state administrative agency and can only exercise those powers which have been conferred upon it by the South Carolina General Assembly. *South Carolina Tax Commission v. South Carolina Tax Board of Review,* 278 S. C. 556, 299 S. E. (2d) 489 (1983). DHEC must also follow its own regulations and the provisions of the Administrative Procedures Act, *supra* in carrying out the legitimate purposes of the agency. See *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981); and S. C. Code Ann. § 1-23-380, (1976). Any action taken by DHEC outside of its statutory and regulatory authority is null and void. 73A C.J.S. *Public Administrative Law and Procedure,* § 117 (1983).

Section 401 Certification is a reference to that certification provided in 33 U.S.C.A., § 1341, which states in relevant part "any applicant for a federal license or permit to conduct any activity including, but not limited to, the construction or operation of facilities, which may result in any discharge into the navigable waters, shall provide the licensing or permitting agency with a certification from the state in which the discharge originates ... that any such discharge will comply with" specific substantive provisions of the Clean Water Act of 1977. 33 U.S.C.A. § 134(a). DHEC is required within one year to certify to the Army Corp of Engineers (the permitting agency) that the proposed project will not violate applicable water quality standards and if DHEC fails to do so, the certification requirement will be deemed to have been waived and the Army Corp of Engineers may proceed to act on the permit. 33 U.S.C.A. § 1341(a)(1).

It is the opinion of the Court that DHEC does not have statutory, regulatory or federal authority to suspend or revoke a 401 Certification after it has been granted by the agency and the appeals process expired. DHEC argues that under S. C. Code Ann. § 48-1-10 through -350 (1976), the "Pollution Control Act," it has authority to suspend and revoke a "permit," S. C. Code Ann. § 48-1-50(5) (1976), and therefore, a 401 Certification should be construed as a "permit" for purposes of the Act. We are not persuaded. A "permit" is not the same as a "certification," and different powers and authorizations result. The language of § 48-1-50(5), *supra*, is clear and unambiguous in its use of the term "permit," and we are constrained to interpret the term according to its plain meaning. *Green v. Zimmerman*, 269 S. C. 535, 238 S. E. (2d) 323 (1977).

DHEC is not unduly restrained by our interpretation of its authority. The Clean Water Act of 1977, *supra*, apparently anticipates that changes may occur in the water quality after a project has been certified, and it provides DHEC with a mechanism to take action. The Act provides for continuous monitoring of a 401 Certification by the state (DHEC) subsequent to the issuance of the Certification and *notice* by the state if there is no longer reasonable assurance of compliance with the substantive provisions of the Clean

Water Act because of changes in "(A) the construction or operation of the facility, (B) the characteristics of the water into which such discharge is made, (C) the water quality criteria applicable to such waters or, (D) applicable effluent limitations or other requirements." 33 U.S.C.A § 134(a)(3). The power of DHEC to continuously *monitor* projects and to *notify* the permitting agencies of changes in water quality so that an investigation can be held should provide adequate protection to the public health, safety and welfare of the people of the State of South Carolina.

Giving DHEC authority to revoke Certification after the Certification and appeals process is over serves no useful function and only breeds confusion; particularly in a case such as this where the Certification was revoked after some five years had passed and where permits had already been issued by the Corp of Engineers and the Coastal Council. Even if DHEC had authority to revoke Certification in the instant case, it would be a futile act unless the permitting agencies subsequently suspended and revoked their respective permits. The proper procedure for DHEC to utilize, it it has concerns about changes in the water quality, is to *notify* the permitting agencies of the problems in order for these agencies to review the permits.

Triska also contends that 401 Certification is not a "contested" case as defined by DHEC regulations or the S. C. Administrative Procedures Act; and therefore, an adjudicatory hearing should not have been granted to the Murrells Inlet Association.

DHEC regulations define a "contested" case as "an adjudicatory hearing as part of a final decision of the Board of Health and Environmental Control pursuant to the Board's licensing authority in which the rights, duties or privileges of a party are required by a law or regulation to be determined after an opportunity for a hearing." S. C. Code Ann. DHEC Reg. 61-72, I. B. (1976). The Administrative Procedures Act defines a "contested" case as ". . . a proceeding, including, but not restricted to, rate making, price fixing, and licensing, in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for a hearing." S. C. Code Ann. § 1-23-310(2) (1976). There is no requirement in South

Carolina law or Federal law that there be an opportunity for a hearing in a 401 Certification, and therefore, a "contested" case does not exist in which an adjudicatory hearing is required.

DHEC contends it has plenary authority under the "Pollution Control Act," *supra,* to abate, control and prevent pollution; and specifically, DHEC argues it had authority under § 48-1-150 of the Act to grant an adjudicatory hearing to the Association. Section 48-1-150 does give DHEC the authority to conduct a "public" hearing prior to the Department taking certain actions. DHEC held public hearings prior to the initial certification in 1979. There is a distinction between a "public" and an "adjudicatory" hearing, the major difference being the rules of evidence governing the proceedings. [See D. Shipley, *South Carolina Administrative Law,* 1983 South Carolina Bar Continuing Legal Education Division at 4-26 through -28 and 5-23 through -28 (1983)]. DHEC Regulation 61-72 I. A. defines an adjudicatory hearing as "trial-type proceedings where there is to be a determination made in a contested case pursuant to the licensing authority of the Board of Health and Environmental Control ... ," *supra,* at Section I. A. Here there was no "contested" case before DHEC; and therefore, the Department had no authority to grant an adjudicatory hearing to the Association.

Assuming for a purposes of discussion only that a "contested" case existed, DHEC Reg. 61-72 II. A. require that "[a] request for an adjudicatory hearing must be served on the Board of Health and Environmental Control within fifteen (15) days following any final administrative decision by the department on an application, permit, certificate or other licensing matter which is a contested case as defined above." *Supra,* at Section II. A. Triska was granted 401 Certification on November 8, 1979. In April 1982, DHEC suspended certification while conducting a limited internal review of the project, which ultimately resulted in reinstatement of the 401 Certification in May of 1982. The Association appealed the reinstatement. The review and reinstatement was not a final decision as per the Administrative Procedures Act, *supra.* The final decision by DHEC was made in November 1979. A delay of two and one-half years before the Association challenged the certification

was not proper, and an adjudicatory hearing should not have been granted. See, e.g., *Wingate v. S. C. State Highway Dept.*, 276 S. C. 39, 274 S. E. (2d) 917 (1981).

In view of this Court's disposition of this issue, it is not necessary to address appellant's remaining exceptions.

Affirmed.

NESS, C. J., and GREGORY and HARWELL, J.J., concur.

CHANDLER, J., not participating.