23472

LEAGUE OF WOMEN VOTERS OF GEORGETOWN COUNTY, Appellant
v. LITCHFIELD-BY-THE-SEA and South Carolina Coastal Council,
Respondents.

(409 S.E. (2d) 378)

Supreme Court

*James S. Chandler, Jr.,* Pawleys Island, *for appellant.*

*C.C. Harness, III,* of the *South Carolina Coastal Council,* Charleston, *for respondent South Carolina Coastal Council.*

*Dwight F. Drake,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent Litchfield-by-the-Sea.*

Heard Jan. 9, 1991.

Decided Sept. 9, 1991.

FINNEY, Justice:

Appellant League of Women Voters of Georgetown County (League) appeals a circuit court determination that this case is not subject to review pursuant to the Administrative Procedures Act (APA). S.C. Code Ann. §§ 1-23-310-400 (1986). We affirm in part, reverse in part and remand.

Respondent Litchfield-by-the-Sea (Litchfield) required a permit from the Department of Health and Environmental Control (DHEC) to construct a sanitary sewer system at Willbrook Plantation, a real estate development owned by Litchfield. In conjunction with its permit application, Litchfield needed certification from Respondent South Carolina Coastal Council (Council) that the project was consistent with the South Carolina Coastal Zone Management Program. S.C. Code Ann. § 48-39-80 (1987). On October 25, 1988, Council issued certification for Phase I of Willbrook Plantation.

Subsequently, League petitioned for a public hearing on Council's certification and requested suspension of certification pending such a hearing. Council denied the petition. Whereupon League filed an action in circuit court seeking review of Council's certification pursuant to the APA or, alternatively, pursuant to common law rules for writ of certiorari.

Council filed a Motion to Dismiss, moving to strike from the complaint and petition allegations that the action was filed pursuant to S.C. Code Ann. §§ 1-23-380 and 15-53-10, et seq., and paragraph 9, which alleged:

> The Certification decision was also made upon unlawful procedure in violation of the requirements of the South Carolina Administrative Procedures Act, in that the Certification proceeding constitutes a "contested case" under the provision of said Act, but the Council failed to fulfill the requirements of Sections 1-23-320 and 1-23-350, Code of Laws of South Carolina.

The circuit court granted Council's motion to strike and permitted the action to proceed by way of certiorari. Citing *Triska v. Dep't of Health and Environmental Control,* 292

S.C. 190, 355 S.E. (2d) 531 (1987), the circuit judge concluded that certification by Council is not a "contested case" and, therefore, not reviewable pursuant to the APA.

League appealed, contending that the certification process constitutes a "contested case" and is governed by the APA. We disagree, but conclude on constitutional grounds that League is entitled to notice, the right to a hearing and judicial review.

This Court finds that under the statutes and regulations then prevailing, Council's certifying procedure was not a "contested case." Hence, the action under consideration was not within the purview of the APA, which defines a "contested case" as:

> . . .[A] proceeding, including, but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties or privileges of a party are *required by law to be determined* by an agency *after an opportunity for a hearing.* (Emphasis added.)

S.C. Code Ann. § 1-23-310(2) (1986).

In *Triska,* we affirmed the reinstatement of DHEC certification without a second adjudicatory hearing. In that case, a public hearing was held prior to the initial certification. Two and a half years later, the certification was challenged. Subsequently, DHEC rescinded certification and reopened the adjudicatory hearing. We determined that the period provided for filing an appeal had lapsed, that the review was not pursuant to the APA, and DHEC was without authority to revoke certification. This Court noted in *Triska* that there was "no requirement in South Carolina law or Federal law that there be an opportunity for a hearing in a certification, and therefore, a 'contested case' does not exist in which an adjudicatory hearing is required."[1]

In the more recent case of *Stono River Environmental Protection Assoc. v. S.C. Dep't of Health and Environmental Control,* 406 S.E. (2d) 340 (S.C. 1991), we concluded that superseding constitutional due process provisions

---

[1] On February 23, 1990, the South Carolina General Assembly approved regulations requiring a hearing in 401 certification cases. *See* S.C. Code Reg. 61-101 (1990).

confer the right to notice and the opportunity to be heard prior to issuance of certification.

> No person shall be finally bound by a judicial or quasi judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard . . . and he shall have in all such instances the right to judicial review.

S.C. Const. art. I, § 22.

Our holding in *Stono* comports with recent South Carolina legislative enactments[2] which provide that parties with an interest in certification are entitled to notice, an opportunity to be heard, and judicial review.

We are cognizant of the fact that Council's certification determination is not binding upon DHEC, the permitting agency. However, we are constrained to safeguard the interests of the parties at all stages of the application process since Council's certification determination may be accorded significant weight by the permitting agency in deciding whether or not to grant a permit. Hence Council, as an administrative agency, must comport with standards of due process established by Article I, Section 22, of the South Carolina Constitution.

Accordingly, this Court affirms so much of the circuit court order as concludes that certification by Council is not a "contested case" and, therefore, is not reviewable pursuant to the provisions of the APA but shall be treated as an action for writ of certiorari. We reverse the circuit court's denial of a hearing and the right to judicial review and remand for proceedings consistent with this opinion.

In view of our disposition of this issue, we make no determination as to appellant's remaining exceptions.

Affirmed in part, reversed in part and remanded.

HARWELL, CHANDLER and TOAL, JJ., concur.

JASPER M. CURETON, Acting Associate Justice, concurs.

---

[2] *Id.*