23951

Robert S. YEARGIN, Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.
(438 S.E. (2d) 234)

Supreme Court

*Assistant Chief Counsel Joseph H. Lumpkin, Jr.* of *South Carolina Dept. of Highways and Public Transp.,* Columbia, *for appellant.*

*Mark W. Buyck Jr.* and *C. Craig Young,* Florence, *for respondent.*

Submitted Oct. 26, 1993

Decided Nov. 8, 1993.

*Per Curiam:*

This is an appeal from an order of the circuit court requiring appellant (the Department) to reinstate respondent's driver's license. We reverse.

Respondent's South Carolina driver's license was suspended until February 15, 1995, because of three convictions for driving under the influence (DUI) and five convictions for driving under suspension (DUS). After a hearing on respondent's request for reinstatement of his driver's license, the circuit court ordered that the Department reinstate respondent's license upon proper examination required for all driver's license applicants in South Carolina.

The Department contends that the circuit court erroneously found that the suspensions of respondent's license to drive violated due process in that he was not afforded hearings to review the suspensions. We agree.

The circuit court found that the suspensions were administrative decisions which are governed by the Administrative Procedures Act (APA) and respondent was entitled to a hearing to challenge the suspensions. According to the order of the circuit court, the APA was not in effect at the time of respondent's initial suspension and respondent had no means by which to challenge that suspension.

The record indicates that respondent's license to drive was initially suspended on August 15, 1981, for a DUI offense committed on September 5, 1978. The APA became effective in 1977. Therefore, the circuit court erred in finding that the APA was not in effect at the time of respondent's initial suspension.

Further, no hearing is required for suspension of a license upon a showing that the licensee "[h]as been convicted of an offense for which mandatory revocation or suspension is required upon conviction." S.C. Code Ann. § 56-1-300 (1991). Upon a timely request, review of a license suspension must be afforded under the APA "except in cases where the suspension . . . is made mandatory upon the department." S.C. Code Ann. § 56-1-370 (1991).

The provisions under which respondent's license was suspended indicate that the Department *shall* suspend the driver's license of any person upon notice of a conviction. *See* S.C. Code Ann. §§ 56-1-280, 56-1-460, and 56-5-2990 (1991). Indeed, this Court has held that such suspensions are mandatory and are not decisions within the Department's discretion. *Cummings v. South Carolina State Highway Dept.*, 271 S.C. 89, 245 S.E. (2d) 127 (1978); *Brewer v. South Carolina Highway Dept.* 224 S.C. 263, 78 S.E. (2d) 382 (1953).

The APA defines a contested case as "a proceeding, including . . . licensing, in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." S.C. Code Ann. § 1-23-310(2) (1986). Respondent's license suspensions are not contested cases as defined in the APA and, therefore, hearing were not required under the APA prior to

the imposition of the suspensions. *League of Women Voters of Georgetown County v. Litchfield-by-the-Sea*, 305 S.C. 424, 409 S.E. (2d) 378 (1991).

Instead, respondent's rights were protected by the due process of law provided to him for the underlying convictions upon which the suspensions were based. *See State v. Jennings*, 150 Ariz. 90, 722 P. (2d) 258 (1986) (due process afforded violators under the statute requiring mandatory revocation by the process of conviction); *Wells v. Roberts*, 167 W.Va. 580, 280 S.E. (2d) 266 (1981) (mandatory administrative revocation of a driver's license without an administrative hearing does not violate due process of law where there has been a prior hearing and conviction on the underlying criminal charge). Therefore, the circuit court erred in finding that respondent's due process rights were violated by the failure to afford respondent a hearing to review the suspensions.

The Department also argues that the circuit court improperly held that the consecutive suspensions of respondent's license constitute cruel and unusual punishment. We agree.

The suspension of the driver's license of a person convicted of a traffic offense is not part of the punishment for the offense. *Brewer v. South Carolina State Highway Dept., supra; Parker v. South Carolina Highway Dept., supra*. Therefore, the cruel and unusual punishment clause is inapplicable to a determination of the appropriateness of the suspension.

Even if the cruel and unusual punishment clause were applicable in this situation, the clause prohibits sentences which are grossly out of proportion to the severity of the crime. *State v. Kiser*, 288 S.C. 441, 343 S.E. (2d) 292, *cert. denied*, 479 U.S. 823, 107 S.Ct. 94, 93 L.Ed. (2d) 46 (1986).The length of each of respondent's license suspensions are not disproportionate to the individual DUI and DUS convictions. The fact that the suspensions added together constitute a substantial period of time is due to respondent's repeated violations of the law. *See Whitney Stores, Inc. v. Summerford*, 280 F. Supp. 406 (D.C. S.C. 1968), *affirmed*, 393 U.S. 9, 89 S.Ct. 44, 21 L.Ed. (2d) 9 (1968) (cruel and unusual punishment clause is not violated when repeated violations result in higher fines since that is the fault of the

defendant, not the statute). This Court has held that there is no error in the Department running the periods of suspension consecutively. *Bay v. South Carolina Highway Dept.*, 266 S.C. 9, 221 S.E. (2d) 106 (1975). Accordingly, the circuit court erred in finding that the length of respondent's license suspension constitutes cruel and unusual punishment.

Reversed.

TOAL, J., not participating.