495 S.E.2d 220

**Jacqueline Marie PAGE, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Appellant.**

**No. 2760.**

Court of Appeals of South Carolina.

Submitted Dec. 2, 1997.

Decided Dec. 8, 1997.

Senior Assistant General Counsel Patrick M. Teague and General Counsel Frank L. Valenta, Jr., both of the South Carolina Department of Public Safety, Columbia, for appellant.

Mark Grier, Lancaster, for respondent.

GOOLSBY, Judge:

This is a declaratory judgment action. The trial court set aside the South Carolina Department of Public Safety's suspension of Jacqueline Marie Page's driver's license for four one-year periods that followed Page's four separate convictions for obtaining drugs by fraud. The Department appeals.[1] We reverse.[2]

The facts are not complicated. On June 24, 1994, Page pled guilty to four counts of obtaining drugs by fraud in violation of S.C.Code Ann. § 44–53–40(A) (Supp.1996).[3] The court imposed concurrent sentences. Thereafter, Page received notices from the Department that her privilege to drive had been suspended for four consecutive one-year terms, beginning June 24, 1994, and ending June 24, 1998. The department used a separate notice for each of the four convictions.

Page then brought the instant action, alleging the Department should have treated her four convictions as one conviction for the purpose of driver's license suspension. She argued that none of her convictions qualified as a "subsequent" offense for which a consecutive period of suspension must be imposed.

The trial court agreed with her contention and "vacated" the Department's orders that suspended Page's license from June 24, 1995, until June 24, 1998. It found Page's guilty pleas "were entered contemporaneously and that [Page] had no prior convictions such that her conviction constituted a 'second

---

1. The respondent filed no brief with this court.

2. Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument pursuant to Rule 215, SCACR.

3. S.C.Code Ann. § 44–53–40(A) (Supp.1996) provides in part: "It is unlawful for a person to obtain ... a drug ... that is restricted in regard to its sale at retail by: (1) fraud, deceit, misrepresentation, or subterfuge; [or] (2) forgery or alteration of a prescription...."

S.C.Code Ann. § 44–53–40(B) (Supp.1996) provides in part: "Conviction for a second or subsequent offense is a felony and the person must be fined not more than two thousand dollars or imprisoned not more than five years, or both."

or subsequent offense' as defined in South Carolina Code of Laws § 44–53–470." [4]

The authority for the Department to suspend the driver's license of a person convicted of a controlled substance violation is found in S.C.Code Ann. § 56–1–745(A) (Supp.1996). The term "controlled substance violation," as defined in section 56–1–745(D)(1), includes "a violation of Chapter 53 of Title 44 of the South Carolina Code of Laws." As to "subsequent convictions," section 56–1–745(A) reads, so far as relevant here, as follows:

> For each subsequent conviction under this section, the court shall order the driver's license to be suspended for an additional ... one year.... The additional period of suspension for a subsequent offense runs consecutively and does not commence until the expiration of the suspension for the prior offense.

Here, Page pled guilty to four violations of a statute embraced within Chapter 53, Title 44, *i.e.,* section 44–53–40(A). The first indictment involved an Eckerd's store and occurred on April 13, 1994; the second indictment involved a RiteAid store and also occurred on April 13, 1994; the third indictment involved a Revco store and occurred on April 15, 1994; and the fourth indictment involved an Eckerd's store and occurred on April 16, 1994.

Did Page's simultaneous pleas of guilty to these four separate indictments constitute but one conviction, or did they constitute one conviction and three separate subsequent convictions under section 56–1–745(A)? We think the latter is the case.

In *Deal v. United States,* 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), the United States Supreme Court defined

---

4. S.C.Code Ann. § 44–53–470 (1985) defines the term "second or subsequent offense" as follows:

> An offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or any State or Federal statute relating to narcotic drugs, marihuana, [*sic* ] depressant, stimulant, or hallucinogenic drugs.

what the term "subsequent convictions" means for the purposes of 18 U.S.C. § 924(c) [5] when a defendant had committed six robberies on different dates while using a gun and was thereafter convicted in a single proceeding of those offenses. There the court, applying the plain-meaning rule of statutory construction, stated the term "conviction" means "the finding of guilty by a judge or jury that necessarily precedes the entry of a final judgment of conviction," and it held more than one conviction can occur in a single proceeding. *Deal,* 508 U.S. at 131–32, 113 S.Ct. at 1995–96.

Under this definition of "conviction," all but one of Page's section 44–53–40 convictions are "subsequent convictions" for the purposes of section 56–1–745(A). *See United States v. Andrews,* 75 F.3d 552 (9th Cir.1996) (although they arose out of a single occurrence, three of a defendant's four convictions for using a firearm during and in relation to a crime of violence were "subsequent convictions" and required imposition of the repeat offender sentence for each conviction), *cert. denied,* 517 U.S. 1239, 116 S.Ct. 1890, 135 L.Ed.2d 183 (1996). For the imposition of an additional one-year suspension, section 56–1–745 requires a "conviction" after the first conviction and nothing more. There is absolutely no ambiguity in that.

Nor is there any ambiguity in the requirement that for each "subsequent offense" of which a defendant has been "subsequently convicted," the additional period of suspension is to run consecutively. We see no reason why Page should not suffer the consequence of a period of suspension for each conviction. Just because she managed to evade detection, prosecution, and conviction after she committed the first offense and was ultimately convicted of all of them in a single proceeding should be no basis for leniency. It seems to us perfectly sensible to punish her for the second, third, and

---

**5.** 18 U.S.C. § 924(c)(1) provides in relevant part:

Whoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ..., be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years....

fourth offenses as much as for the first. *See Deal,* 508 U.S. at 136–37, 113 S.Ct. at 1998–99.

**REVERSED.**

HEARN and STILWELL, JJ., concur.