527 S.E.2d 759

**Gene Paul CUDE, Jr., Petitioner,**

v.

**SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, Respondent.**

**No. 25064.**

Supreme Court of South Carolina.

Heard Jan. 6, 2000.

Decided Feb. 7, 2000.

Coming B. Gibbs, Jr., of Charleston, for petitioner.

Senior Assistant General Counsel Patrick M. Teague and General Counsel Frank L. Valenta, Jr., of South Carolina Department of Public Safety, of Columbia, for respondent.

BURNETT, Justice:

We granted a writ of certiorari to review the Court of Appeals' decision in *Cude v. South Carolina Dep't of Public Safety*, Op. No. 98–UP–291 (Ct.App. filed May 28, 1998). We reverse.

## FACTS

Petitioner Gene Paul Cude, Jr., (Cude) simultaneously pled guilty to ten counts of obtaining or attempting to obtain prescription drugs under false pretenses and to two counts of conspiracy to violate the narcotic laws. He was sentenced to

concurrent five year terms of imprisonment for each false pretense charge and to two years imprisonment for conspiracy, suspended upon five years probation and payment of a $500 fine.

Pursuant to S.C.Code Ann. § 56-1-745(A) (Supp.1998), Respondent South Carolina Department of Public Safety (Department) suspended Cude's driver's license for ten one-year periods, one year for each conviction. Cude immediately applied for and received a special restricted driver's license under § 56-1-745(C). After his first one-year suspension expired, Cude applied for a second special restricted driver's license. Claiming Cude was not eligible for a second special restricted driver's license, Department refused to process the application.

Cude brought this declaratory judgment action requesting the trial court order Department to accept his application for a second special restricted driver's license. The trial judge granted the injunction. Concluding Cude was not entitled to issuance of another special restricted driver's license after his first special restricted license expired at the conclusion of the first one-year suspension, the Court of Appeals reversed. *Cude v. South Carolina Dep't of Public Safety,* Op. No. 98-UP-291 (Ct.App. filed May 28, 1998). As a result, Cude could drive to work or school during the first one-year license suspension, but not for the remaining nine one-year suspensions.

## ISSUE

Did the Court of Appeals err by holding a person whose driver's license is suspended upon simultaneous convictions for controlled substance violations is eligible for only one special restricted driver's license?

## DISCUSSION

Cude argues the Court of Appeals erred by holding § 56-1-748 precludes the issuance of a second or subsequent special restricted driver's license when a driver is simultaneously convicted of more than one controlled substance violation. He maintains § 56-1-748 precludes issuance of a second special restricted driver's license where a *second or subsequent con-*

*viction occurs after* a driver has been issued a special restricted driver's license. Accordingly, Cude asserts because he pled guilty to ten offenses at one time, he is entitled to a special restricted driver's license for each of the remaining nine years during which his driver's license is suspended as long as he is not again convicted of a controlled substance violation. We agree.

South Carolina Code Ann. § 56–1–745(A) mandates the driver's license of a person convicted of a controlled substance violation, other than marijuana or hashish, be suspended for one year. It further provides, "[f]or each subsequent conviction under this section, the court shall order the driver's license to be suspended for an additional ... one year...." In *Page v. South Carolina Dep't of Public Safety,* 329 S.C. 166, 495 S.E.2d 220 (Ct.App.1997), the Court of Appeals held where a defendant simultaneously pleads guilty to multiple controlled substance violations, one conviction constitutes the original conviction and the other convictions constitute subsequent convictions. Accordingly, where there are contemporaneous convictions, the defendant's driver's license is suspended for consecutive one-year terms.

Section 56–1–745(C) provides:

if an individual is employed or enrolled in a college or university at any time while his driver's license is suspended pursuant to this section, he may apply for a special restricted driver's license permitting him to drive only to and from work or his place of education and in the course of his employment or education during the period of suspension.

Section 56–1–748 provides:

No person issued a restricted driver's license under the provisions of Section 56–1–745(C) ... shall subsequently be eligible for issuance of a special restricted driver's license under these provisions.

While the plain and unambiguous language of § 56–1–748 clearly precludes the issuance of a second special restricted driver's license, we conclude the General Assembly could not possibly have intended to permit a person who pleads guilty to several controlled substance violations at one time to receive a special restricted driver's license for the first suspension, but

not for the balance of the suspensions. *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 440 S.E.2d 364 (1994) (however plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning if to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the legislature or would defeat the plain legislative intention).

We find the intent of the General Assembly in enacting § 56–1–748 was to give a person convicted of a controlled substance violation one opportunity to continue driving to work or school while his driver's license is suspended. The General Assembly intended this opportunity to be available so long as the person remains "clean." If a person has been issued a special restricted driver's license pursuant to § 56–1–745(C), he is not entitled to another special restricted driver's license if he is subsequently convicted of a new controlled substance violation. If a person is issued a special restricted driver's license and later regains his regular driver's license, he is not entitled to issuance of another special restricted driver's license under § 56–1–745(C).

Accordingly, Cude is entitled to a special restricted driver's license for each of the ten one-year suspensions.[1] If, however, Cude is convicted of another controlled substance violation while issued a special restricted driver's license, he is not entitled to another special restricted driver's license. Similarly, if he regains his regular driver's license and is again convicted of a controlled substance offense mandating suspension of his driver's license, he is not entitled to a special restricted driver's license.

**REVERSED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.

---

1. The expiration of Cude's regular driver's license should not affect the issuance of a special restricted driver's license under § 56–1–745(C).