THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Francis Ike Johnson, Respondent/Appellant,
v.
Sonoco Products Company, and GAB Robins, Inc., Appellants/Respondents.
 
 
 

Appeal From Darlington County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-281
Heard April 6, 2006  Filed June 15, 2006
Withdrawn, Substituted and Refiled September 20, 2006

AFFIRMED

 
 
 
Michael A. Farry and David A. Wilson, both of Greenville, for Appellant-Respondents.
Vernon F. Dunbar, of Greenville, for Respondent-Appellant.
 
 
 

PER CURIAM:  In this Workers Compensation case, Sonoco Products Company (Sonoco) appeals the circuit courts order reversing the Full Commission and affirming the Single Commissioners order awarding benefits to Francis Ike Johnson.  The circuit court found the Full Commission failed to comply with a regulation requiring it to vote within ten days and thereby affirmed the Single Commissioner by default.  We affirm.[1] 
FACTS
Francis Ike Johnson worked at Sonoco from 1971 to 1994.  Johnson stopped working at Sonoco in January 1994 after he was hospitalized for pulmonary problems.  In 1999, Johnson filed a workers compensation claim against Sonoco, which Sonoco denied.  
At a hearing before the Single Commissioner, Johnson argued his exposure to the chemical Perlite aggravated his pulmonary problems which rendered him permanently and totally disabled.  In May 2002, the Single Commissioner issued an order, finding Johnson sustained an accidental pulmonary injury as a consequence of his contact with harmful chemicals, including Perlite, while working at Sonoco.  The Single Commissioner ordered Sonoco to pay Johnson permanent and total disability compensation.  
In June 2002, Sonoco appealed the decision to the Full Commission, and the Full Commission held a hearing on October 30, 2002.  The following day, October 31, 2002, one of the three commissioners on the Full Commission wrote Johnsons and Sonocos legal counsel to inform them that a vote on the matter would be delayed.  On May 28, 2003, almost seven months after the hearing on the matter, the Full Commission issued its order reversing the Single Commissioner, finding Johnson failed to prove he sustained a compensable injury while working at Sonoco.  Johnson appealed the Full Commissions order.  
In September 2004, both parties appeared before the circuit court.  On the day of the hearing, Johnson argued the Full Commission violated a regulation requiring it to vote within ten days of the hearing.  Johnsons attorney recounted that after the Full Commission rendered its opinion, he asked for the vote sheets showing each commissioner registered his or her vote within the ten day time period, but the vote sheets could not be found.  Johnson submitted to the circuit court affidavits from two former commissioners and employees of the Full Commission attesting to the voting procedure employed by the Full Commission.  Sonoco objected to these affidavits as outside the record and not properly before the circuit court.  
After the hearing, the circuit court wrote Johnsons and Sonocos legal counsel to inform them that it would accept Johnsons affidavits but also open the record to accept additional extrinsic evidence on the issue of whether there were procedural irregularities below.  Sonoco sought to depose Johnsons affiants, which the trial judge allowed, but with some limitations.  The circuit court allowed Sonoco to depose both former commissioners and one of two Full Commission employees, but did not allow Sonoco to depose Johnsons legal counsel, who was a former commissioner.  Sonoco deposed both former commissioners and a former general counsel for the Workers Compensation Commission, which the circuit court entered into evidence.  The record also contained an affidavit from the three commissioners on the Full Commission.[2]  The commissioners stated that two of them had recorded their votes as of November 7, 2002, which constituted a majority reversal of the Single Commissioner.  Even though a notary signature block appeared at the bottom of the document, the document was not notarized.  Therefore, the circuit court found it did not comply with Rule 11(c), SCRCP and refused to give it any weight. 
In March 2005, the circuit court issued a final order vacating the Full Commissions order and reinstating the Single Commissioners order.  The circuit court held that the only proper evidence before it was that the vote was not timely taken as Sonoco failed to prove that the Full Commission voted within the proscribed time period.  Because the Full Commission violated the regulation requiring it to vote within ten days of the hearing, the Full Commission did not have jurisdiction to issue the May 28, 2003 order.  The circuit court then affirmed the Single Commissioners order awarding Johnson benefits, finding the Full Commission affirmed the Single Commissioner by default.  Sonoco appeals the circuit courts order.
STANDARD OF REVIEW
The scope of judicial review of agency decisions is governed by S.C. Code Ann. § 1-23-380(A)(6) (2005); Brown v. South Carolina Dept. of Health and Envtl. Control  348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002).  The appellate court will not generally substitute its judgment for that of the agency as to the weight of evidence on questions of fact, but may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are made upon unlawful procedure or affected by other error of law.  S.C. Code Ann. § 1-23-380(A)(6)(c) and (d) (2005).  
LAW/ANALYSIS
Sonoco argues the circuit court erred in accepting extrinsic evidence to assist it in determining whether the Full Commission violated a regulation requiring it to vote within ten days of the hearing.  Sonoco further argues the circuit court erred in concluding the Full Commission violated this regulation.  We disagree. 
The first issue is whether the circuit court is entitled to consider extrinsic evidence in determining whether the Full Commission voted within ten days of the hearing.  The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the workers compensation
commission.  Bass v. Kenco Group, 366 S.C. 450, 456-57, 622 S.E.2d 577, 580 (Ct. App. 2005).  Section 1-23-380(A)(5) of the APA provides that judicial review of an administrative proceeding should be conducted by the court without a jury and shall be confined to the record, with the caveat that [i]n cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court.  S.C. Code Ann. § 1-23-380(A) (2005).  In Ross v. Medical University of South Carolina, 317 S.C. 377, 380, 453 S.E.2d 880, 882 (1994), the supreme court held that this section expressly authorizes the circuit court to accept proof of alleged irregularities in an agency proceeding, explaining [t]he language proof thereon may be taken in the court does not require the court itself to take proof but, rather, to allow such proof to be entered at the circuit court level, at the courts discretion.
Here, the circuit court only considered extrinsic evidence relating to the issue of whether the Full Commission properly adhered to a procedural rule proscribed by its own regulations.  The circuit court did not consider any new evidence related to the factual basis of the underlying action.  Therefore, under section 1-23-380(A)(5), the circuit court properly exercised its discretion by considering extrinsic evidence pertaining to an alleged procedural irregularity in the Full Commissions proceeding.   
The second issue is whether the circuit court properly handled the way in which it accepted this extrinsic evidence.  Sonoco argues the circuit court unfairly limited Sonocos ability to develop and present its side of the case.  As discussed above, section 1-23-380(A)(5) allows the circuit court, in its discretion, to order discovery and admit extrinsic evidence in APA cases involving an alleged irregularity in the proceeding.  Id. at 381, 453 S.E.2d at 883.   The admission of evidence is within the sound discretion of the circuit court and will not be disturbed on appeal absent an abuse of discretion amounting to an error of law.  Vaught v. A.O. Hardee & Sons, Inc., 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005).  The circuit court allowed Sonoco to depose most of Johnsons affiants.  The circuit court did not allow Sonoco to depose Johnsons legal counsel for fear counsel would be disqualified.  Although the circuit court prevented Sonoco from deposing Johnsons legal counsel and some members of the Full Commission staff, the circuit court nevertheless provided the parties additional time to submit affidavits, deposition testimony, and legal memoranda.[3]  In light of the opportunity the circuit court afforded both parties to develop the issue of whether a procedural irregularity occurred below, the circuit court did not err in the manner in which it oversaw the introduction of extrinsic evidence.    
The final issue is whether the circuit court erred in concluding the Full Commission violated a regulation requiring it to vote within ten days of the hearing.  Regulations authorized by the legislature have the force of law.  Goodman v. City of Columbia, 318 S.C. 488, 490, 458 S.E.2d 531, 532 (1995).  An administrative agency can only exercise the powers which have been conferred upon it by the South Carolina General Assembly and must follow its own regulations and the provisions of the APA.  Triska v. Dept of Health & Envtl. Control, 292 S.C. 190, 194, 355 S.E.2d 531, 533 (1987).  Any action taken outside of its statutory and regulatory power is null and void.  Id.  Section 42-3-30 of the South Carolina Code (1976) authorizes the commission to create regulations related to workers compensation laws of this State.  It provides that the commission shall promulgate all regulations relating to the administration of the workers compensation laws of this State . . . .  S.C. Code Ann. § 42-3-30 (1976).  Regulation 67-709(C) provides: The Commissioners reviewing the case may confer and shall vote within ten days of the date of review.  25A S.C. Code Ann. Regs. 67-709(C) (1976) (emphasis added).  Regulation 67-709(F) provides: If a Commissioner fails to register a vote within the periods referred to above, the Commissioner is deemed to have registered a vote affirming the Hearing Commissioner and may not vote otherwise.  25A S.C. Code Ann. Regs. 67-709(F) (1976).   
The Full Commission hearing occurred on October 30, 2002.  The next day, one of the three commissioners on the Full Commission wrote Johnsons and Sonocos counsel and informed them that the Full Commission needed more time to review the case.[4]  More than six months later, the Full Commission issued its order.  When Johnsons attorney requested the Full Commissions vote sheets, the vote sheets could not be found.  At the circuit court, Johnson and Sonoco introduced evidence related to the issue of whether the Full Commission voted within the ten day period mandated by Regulation 67-709(C).  The circuit court considered all admissible evidence and concluded the Full Commission did not vote within the ten day period required by Regulation 67-709(C).  
The circuit court considered the testimony of former commissioners Thomas Marchant and William Clyburn.  Both testified that during their tenures they voted after each hearing on a vote sheet and that the judicial director would make certain the vote sheets were turned in before the ten day period expired.  Pursuant to Rule 11(c), SCRCP, the circuit court properly excluded the affidavit from the three commissioners who comprised the Full Commission because the document was not notarized.  Rule 11(c), SCRCP (Affidavits or verifications authorized or permitted under these Rules shall be written statements or declarations by a party or his attorney of record or of a witness, sworn to or affirmed before an officer authorized to administer oaths, that the affiant knows the facts stated to be true of his own knowledge, except as to those matters stated on information and belief and as to those matters that he believes them to be true.).  Moreover, the admission or exclusion of evidence in general is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  Fields v. Regional Medical Center Orangeburg, 363 S.C. 19, 25-26, 609 S.E.2d 506, 509 (2005).  We find no abuse of discretion in the circuit courts exclusion of the affidavit.[5]  
Because there was no credible evidence showing the members of the Full Commission voted within the ten day time period, the circuit court did not err in finding the Full Commission violated Regulation 67-709(C).  Accordingly, pursuant to Regulation 67-709(F), the order of the Single Commission is reinstated and affirmed.  The circuit courts order is 
 AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1]  Johnson also appeals the circuit courts order to the extent it does not address the findings of the Full Commission.  Because we affirm the circuit courts order, we do not address his cross-appeal.   
[2] It appears that this affidavit was entered into the record by the Commission. 
[3]  There is no indication in the record Sonoco requested the circuit court entertain oral arguments, though section 1-23-380(A)(5) entitled it to do so. (The court, upon request, shall hear oral argument and receive written briefs.). 
[4]  Sonoco also argues the circuit court erred in refusing to find Johnson waived his right to object to the extension of the ten day period or that Johnson is estopped from asserting the Full Commission erred in not registering its votes within the ten day period.  The Full Commission was bound by Regulation 67-709(C) and had no authority to deviate from its requirement that the Full Commission vote within ten days.  Triska, 292 S.C. at 194, 355 S.E.2d at 533.  (holding that an agency must follow its own regulations).  Therefore, neither the Full Commission nor the respective parties could waive it.  Johnson also cannot be estopped for taking the position the Full Commission erred in not registering its votes within the ten day rule because that position was untenable as a matter of law.
[5]  Perplexingly, Sonoco did not seek to depose any of the three commissioners who comprised the Full Commission even though the circuit court allowed both parties to take additional depositions.