THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Anne T.
 Persons, Appellant,
 v.
 South Carolina Department of Motor Vehicles, Henry McMaster, in
 his official capacity as the Attorney General of the state of South Carolina,
 and the State of South Carolina, Defendants,
 of whom South Carolina Department of Motor Vehicles is Respondent.
 
 
 

Appeal From Richland County
James R. Barber, III, Circuit Court Judge
Unpublished Opinion No. 2008-UP-322
Heard June 6, 2008 - Filed June 27, 2008  
Withdrawn and Substituted September 4,
 2008    

AFFIRMED

 
 
 
 Desa Ballard and P. Christopher Smith, Jr., of West Columbia, for
 Appellant.
 Frank L. Valenta, Jr., and Philip S. Porter, of Blythewood, for
 Respondent.
 
 
 

PER CURIAM:  Anne
 T. Persons (Persons) argues the circuit court erred in finding no legal
 conflict exists between the administrative stay provisions of South Carolina Code
 Ann. sections 56-1-365(F) and 56-1-430 (2006), which govern the suspension of a
 drivers license, and the criminal stay provision of South Carolina Code Ann. section
 18-1-70 (1976), which governs the execution of a judicially-imposed criminal
 sentence.
We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities: State v. Price, 333 S.C. 267, 271-72, 510 S.E.2d 215, 218
 (1998) (stating suspension of a license is non-punitive and non-criminal in
 nature and does not constitute a criminal penalty for purposes of double
 jeopardy); Yeargin v. S.C. Dept of Highways & Pub. Transp., 313
 S.C. 387, 390, 438 S.E.2d 234, 235 (1993) (explaining suspension of a license
 following a conviction for driving under the influence is not considered part
 of the punishment for the offense and recognizing mandatory revocation of a
 drivers license without an administrative hearing does not violate due process
 when there has been a prior hearing and conviction on the criminal charge
 causing the revocation); Brewer v. S.C. Highway Dept, 261 S.C. 52, 57,
 198 S.E.2d 256, 258 (1973) (holding the
 administrative suspension of a license is a forfeiture of the privilege to
 drive); Parker v. State Highway Dept, 224 S.C. 263, 271, 78 S.E.2d 382, 385 (1953)
 (holding a drivers license suspension is not part of the punishment fixed by
 the court, nor is it an added punishment for the criminal offense committed, as
 it is civil and not criminal in nature); Taylor v. S.C. Dept
 of Motor Vehicles, 368 S.C. 33, 36,
 627 S.E.2d 751, 753 (Ct. App. 2006) cert. granted, (Aug. 9, 2007)
 (citing Sponar v. S.C. Dept of Pub. Safety, 361 S.C. 35, 39, 603 S.E.2d
 412, 415 (Ct. App. 2004)) (holding a drivers license is not a property right
 but is a mere privilege subject to reasonable regulations in the interest of public safety and welfare); Page v. S.C. Dept of Pub.
 Safety, 329 S.C. 166, 169,
 495 S.E.2d 220, 222 (Ct. App. 1997) (implicitly holding administrative
 suspensions are independent of criminal sentences); see also S.C. Code
 Ann. § 56-1-300 (2006) (stating the Department of Motor Vehicles may suspend or
 revoke a drivers license without a preliminary hearing when records or other
 sufficient evidence demonstrates the licensee has been convicted of an offense
 requiring mandatory revocation or suspension upon conviction); S.C. Code Ann. §
 56-1-400 (2006 & Supp. 2007) (indicating the purely administrative nature
 of a drivers license suspension and restoration by stating [t]he Department
 of Motor Vehicles, upon suspending or revoking a license, shall require that
 such license shall be surrendered to the Department of Motor Vehicles and [t]he
 Department of Motor Vehicles shall not . . . restore a license which has been
 suspended for . . . driving under the influence of intoxicants . . . until the
 person has filed an application for a new license, submitted to an examination
 as upon an original application, and has satisfied the Department of Motor
 Vehicles . . . that it would be safe to grant [the licensee] the privilege of
 driving a motor vehicle on the public highways). 
AFFIRMED.
WILLIAMS, THOMAS, JJ., and CURETON, A.J., concur.