### 23418

STONO RIVER ENVIRONMENTAL PROTECTION ASSOCIATION and Sierra Club, Appellants v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL and Harry A. Brunson, d/b/a Buzzard's Roost Marina, Respondents.

(406 S.E. (2d) 340)

Supreme Court

*James S. Chandler,* Pawleys Island, *for appellants.*

*Ellison D. Smith, IV* of *Smith & Bundy,* Charleston, *for respondent Harry A. Brunson.*

*Walton J. McLeod, III,* and *Samuel L. Finklea, III* of the *South Carolina Dept. of Health and Environmental Control,* Columbia, *for respondent South Carolina Dept. of Health and Environmental Control.*

Heard Feb. 6, 1990.

Decided June 24, 1991.

FINNEY, Justice:

Appellants, Stono River Environmental Protection Association (Stono River EPA) and the Sierra Club, appeal from an order of Respondent South Carolina Department of Health and Environmental Control (DHEC) in which the DHEC board issued a 401 Water Quality Certification to Respondent Harry A. Brunson, d/b/a Buzzard's Roost Marina. The circuit court affirmed the board's decision. We reverse and remand for proceedings consistent with this opinion.

Buzzard's Roost Marina is an operating marina located on the Stono River in Charleston County. In 1985, Brunson applied to the South Carolina Coastal Council and the U.S. Army Corp of Engineers for permits to expand the marina. Prior to issuance of such permits, DHEC must certify that the proposed activity will comply with state water quality standards established pursuant to 33 U.S.C. § 1341(a)(1), i.e., 401 certification.

On May 23, 1986, the DHEC staff notified Brunson of its decision to deny 401 certification. Thereafter, Brunson gave DHEC notice of his intent to appeal under S.C. Code Reg. 61-72 (1976), which provides procedures for "contested cases." On January 6, 1987, Stono River EPA was granted leave to intervene in the appeal. On February 10, 1987, the Sierra Club filed a motion to intervene. Prior to action on the Sierra Club's motion to intervene, Brunson requested a hearing before DHEC, citing *Triska v. Department of Health and Environmental Contro, et al.*, 292 S.C. 190, 355 S.E. (2d) 531 (1987), to support his contention that DHEC is not authorized to grant adjudicatory hearings in 401 certification cases.[1] Stono River EPA and the Sierra Club objected to DHEC's consideration of the merits before concluding adjudicatory proceedings already in progress. DHEC granted Brunson's request and considered the matter at its regularly scheduled board meeting on August 20, 1987. After hearing arguments, the board reversed the staff's denial and voted to grant 401 certification. This appeal followed.

The dispositive issue is whether Stono River EPA and the Sierra Club were denied an opportunity to contest the 401 certification in an adjudicatory proceeding.

Appellants allege that a 401 certification is a "contested case" under the South Carolina Administrative Procedures Act (APA) and, therefore, an adjudicatory hearing was required.[2] Respondents contend that this Court's decision in

---

[1] On April 6, 1987, this Court issued its decision in *Triska v. Department of Health and Environmental Control, supra*, which held that DHEC is without authority to suspend or revoke a 401 certification after it has been granted and the appeal process has expired.

[2] If a case is a "contested case," an adjudicatory hearing must be held to address issues raised by aggrieved parties. *See* S.C. Code Ann. § 1-23-320 (1976).

*Triska* justifies DHEC's termination of the adjudicatory proceedings, which were in progress when the *Triska* decision was filed. We disagree.

*Triska* is distinguishable from the present case. In that case, DHEC attempted to revoke a 401 certification more than three years after certification had been granted and the appeal process had expired. Moreover, an adjudicatory hearing was held in *Triska,* and all parties had an opportunity to present evidence and cross examine witnesses. The controversy arose when DHEC attempted to revoke 401 certification and conduct a second adjudicatory hearing on the merits of the case.

In *Triska,* this Court addressed the question of whether a 401 certification is a "contested case" as defined by the APA. The APA defines a "contested case" as

> ... a proceeding, including, but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for a hearing.

S.C. Code Ann. § 1-23-310(2) (1976).

Thus, the key consideration in determining whether a case is "contested" is whether "the legal rights, duties or privileges of a party are *required by law* to be determined by an agency *after an opportunity for a hearing. Id.* (Emphasis added.) This Court stated in *Triska:*

> There is no requirement in South Carolina law or federal law that there be an opportunity for a hearing in a 401 certification, and therefore, a "contested" case does not exist in which an adjudicatory hearing is required.

Although we held that an adjudicatory hearing is not required pursuant to the APA, this Court did not hold that some type of administrative evidentiary appeal would not be available in 401 certification cases. In determining *Triska,* only South Carolina and federal statutory and regulatory provisions were considered.[3] Administrative agencies are required

---

[3] On February 23, 1990, the South Carolina General Assembly approved regulations which expressly require a hearing in 401 certification cases.

to meet minimum standards of due process. S.C. Const. Art. 1, § 3: *Smith v. Smith, Inc., v. S.C. Public Service Commission*, 271 S.C. 405, 247 S.E. (2d) 677 (1978). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Morissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 2600, 33 L. Ed. (2d) 484 (1972). In our view, constitutional due process provisions, apart from the APA, are sufficient to confer the rights to notice and for an opportunity to be heard.

> No person shall be finally bound by a judicial or quasi judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard . . . and he shall have in all such instances the right to judicial review.

S.C. Const., Art. 1, Section 22.

In the present case, the appeal pursuant to regulation 61-72 was timely. All parties were proceeding thereunder until the board summarily abandoned the procedure without prior notification to any of the parties. Further, DHEC did not inform the parties of any alternative procedure. Although all parties were present at the hearing before the board, the record shows no indication that they were informed of the issues to be considered by the board. Moreover, appellants were denied the right to present evidence and cross examine witnesses regarding the merits of the case.

Under the circumstances of this case, we conclude that the parties were entitled to notice and the opportunity to be heard. Accordingly, we reverse and remand for a hearing on the merits.

In view of the foregoing, we find it unnecessary to address appellant's remaining exceptions.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.

---

Therefore 401 certification cases are now deemed "contested cases," and adjudicatory hearings are required. *See* S.C. Code Reg. 61-101 (1990). However, this Court is constrained to address the issues raised in the instant case based upon the state of the law at the time in question.