656 S.E.2d 346

**Robert K. and Sharon G. KURSCHNER, Appellants,**

v.

**CITY OF CAMDEN PLANNING COMMISSION, Respondent.**

**No. 26414.**

Supreme Court of South Carolina.

Heard Oct. 30, 2007.

Decided Jan. 14, 2008.

166

William S. Tetterton, of Camden, and Holly Palmer Beeson, of Baker Ravenel & Bender, of Columbia, for Appellants.

Charles V.B. Cushman, III, of Camden, Weston Adams, III, Jillian M. Benson, and Walter Ralph Frye, III, all of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent.

Robert J. Sheheen, of Savage, Royall & Sheheen, of Camden, for Amicus Curiae Adjoining Landowners and the Trustees of the Legacy of Mary Boykin Chestnut.

Chief Justice TOAL.

This is an appeal from Respondent City of Camden Planning Commission's ("the Commission") denial of Appellants Robert and Sharon Kurschner's ("the Kurschners") application to subdivide their property. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1989, the Kurschners purchased a 5.49 acre tract of land in the City of Camden known as Sarsfield, the former residence of Mary Boykin Chestnut.[1] In 2004, the Kurschners filed an application with the Commission seeking approval to subdivide the property into eight lots. Prior to the hearing, the Kurschners requested that a member of the Commission who had recently been elected to the South Carolina Legislature in a special election recuse herself from the proceeding, but the member refused the Kurschner's request. Following the hearing, the seven-member Commission voted unanimously to disapprove the Kurschner's application. The trial court affirmed the Commission's decision.

The Kurschners filed this appeal pursuant to Rule 203(d)(1)(A), SCACR,[2] and present the following issues for review:

I. Should the Commission member have recused herself from participating in the Commission's decision, and if so, is the decision therefore void?

II. Were the Kurschners denied their procedural due process rights?

III. Is the Commission's decision affected by an error of law?

1. Chestnut is the author of A Diary from Dixie, which she wrote while living at Sarsfield.

2. Pursuant to Rule 203(d)(1)(A)(ii), SCACR, a party may file a direct appeal in this Court from "[a]ny final judgment involving a challenge on state or federal grounds to the constitutionality of a state law or county or municipal ordinance where the principal issue is one of the constitutionality of the law or ordinance."

170

## I. Failure to Recuse

■ The Kurschners argue that the Commission member was required to recuse herself pursuant to constitutional and statutory provisions prohibiting dual office holding and that the decision should therefore be reversed. We disagree.

The South Carolina Code provides that "[n]o member of a planning commission may hold an elected public office in the municipality or county from which appointed." S.C.Code Ann. § 6-29-350(B) (2004). Additionally, the South Carolina Constitution prohibits dual office holding. See S.C. Const. art. III, § 24 and art. VI, § 3.

Commission member Laura Funderburk was elected to the House of Representatives in a special election. At the time of the hearing regarding the Kurschner's application, Funderburk had not yet taken the oath of office. Pursuant to Funderburk's inquiry, the House Legislative Ethics Committee ("ethics committee") issued an advisory letter opining that because there were no statutory or constitutional provisions providing when the winner of a special election begins her term of office, Funderburk's term would not begin until she took the oath of office. The ethics committee thus concluded that she was free to exercise all of her duties as a member of the Commission. The circuit court adopted the ethics committee's position and rejected the Kurschner's argument that the case should be remanded as a result of Funderburk's failure to recuse herself.

■ We hold that Funderburk was not required to recuse herself from participating in the Commission's decision. There are no constitutional or statutory provisions providing when the winner of a special election begins the term. Thus, in the absence of such authority, the most logical point at which a representative could begin the term of office is upon taking the oath of office. See S.C. Const. art. III, § 26 (providing that members of the legislature must take an oath of office before exercising their duties of office). However, even assuming Funderburk was holding office, the Kurschners point to no authority indicating that the decision is automatically void and cannot show that Funderburk's participation

violated their due process rights. Specifically, the Kurschners cannot demonstrate that they were prejudiced by Funderburk's participation because even without Funderburk's vote, there remained six votes opposing the application, as the Commission unanimously voted against approval. *See Tall Tower, Inc. v. S.C. Procurement Review Panel,* 294 S.C. 225, 233, 363 S.E.2d 683, 687 (1987) (holding that a demonstration of substantial prejudice is required to establish a due process claim).

For these reasons, we hold that the Commission's decision should not be reversed as a result of Funderburk's participation.

## II. Procedural Due Process

■ The Kurschners present a two-pronged due process argument. First, the Kurschners argue that they were effectively deprived of due process at the hearing before the Commission because the Commission did not inform them of the opposing evidence prior to trial, considered hearsay evidence, deprived them of the opportunity to cross-examine adverse witnesses, and failed to allow them to conduct *voir dire* questioning of the members of the Commission. Second, the Kurschners argue that they were deprived of due process on appeal because the trial court's application of the any evidence standard of review amounted to no judicial review. We disagree as to both arguments.

■ Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution. *Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review. S.C. Const. art. 1, § 22; *Stono River Envtl. Protection Ass'n v. S.C. Dep't of Health and Envtl. Control,* 305 S.C. 90, 94, 406 S.E.2d 340, 342 (1991). Due process does not require a trial-type hearing in every conceivable case of government impairment of a private interest. *First Fed. Sav. Loan Ass'n of Walterboro v. Bd. of Bank Control,* 263 S.C. 59, 65, 207 S.E.2d 801, 804

(1974) (quoting *Cafeteria and Restaurant Workers Union v. McElroy*, 367 U.S. 886, 894, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)). Rather, due process is flexible and calls for such procedural protections as the particular situation demands. *S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 452, 574 S.E.2d 730, 733 (2002).

In our view, due process does not require the full gamut of rules and procedures to which the Kurschners claim they were entitled. While due process may require a trial-type hearing in fact-specific, adjudicatory decisions of an administrative body, the power exercised by the Commission and the individual interests at stake in this case are very different. *See In re Vora*, 354 S.C. 590, 582 S.E.2d 413 (2003) (involving the procedures required in revocation of a doctor's clinical privileges after allegations of deficient performance); *Wilson*, 352 S.C. at 456, 574 S.E.2d at 735 (requiring additional procedural safeguards in a proceeding regarding child abuse allegations); *Brown v. S.C. State Bd. of Educ.*, 301 S.C. 326, 391 S.E.2d 866 (1990) (addressing the procedures required in a proceeding concerning the revocation of a teacher's license). Specifically, the decision to deny the Kurschner's application to subdivide their land was an exercise of discretionary authority, as opposed to adjudicatory power. The legislature expressly granted this discretionary authority in the area of local planning to the Commission. *See* S.C.Code Ann. § 6–29–340 (2005) (conferring municipal planning commissions with the power to implement and to oversee the administration of regulations for the growth and development of land).

Regarding the requested procedural safeguards in this case, the Kurschners point to no authority for excluding hearsay evidence in planning commission decisions, nor do they provide any authority holding that individuals are entitled to conduct *voir dire* in land-use planning hearings. In our view, the additional procedures that the Kurschners request would not aid the Commission in making its decision, but would greatly hinder its ability to make an informed and reasoned decision, as well as intrude upon a municipality's statutorily-granted legislative authority. Accordingly, we hold that due process does not require the Commission to employ these rules and procedural safeguards in making these types of discretionary decisions. *See Mathews*, 424 U.S. at 335, 96

S.Ct. 893 (holding that in determining the process which is due, a court will consider the private interest affected by the proceeding, the risk of error created by the chosen procedure, and the countervailing governmental interest supporting challenged procedure).

■ Furthermore, review of the procedures in this case reveals that the Kurschners were afforded a meaningful opportunity to be heard. Specifically, the Commission held a public hearing where the Kurschners submitted twenty-six exhibits to support their application including tax information, three letters of support, title history, and information regarding prior subdivisions of Sarsfield. Additionally, the Commission did not preclude the Kurschners from accessing the evidence in opposition to their application, which mostly consisted of public information regarding the historical significance of Sarsfield. *See Clear Channel Outdoor v. City of Myrtle Beach,* 372 S.C. 230, 642 S.E.2d 565 (2007) (finding no procedural due process violation where the zoning board provided an applicant a meaningful opportunity to be heard regarding whether the applicant was entitled to a permit to replace a billboard).

■ Additionally, we believe that the Kurschner's argument regarding judicial review is wholly mistaken. The Kurschner's argue that the trial court should have considered the substance of the evidence, and failing to do so deprived them of a meaningful review of the decision. In our view, the Kurschners are essentially urging this Court to reject the any evidence standard of appellate review that is consistently-utilized in these types of cases and asking us to adopt an appellate review somewhere between a substantial evidence and de novo in examining decisions of a planning commission. We decline to do so.

By statute, the trial court must uphold the Commission's decision unless there is no evidence to support it. *See* S.C.Code Ann. § 6–29–840 (2005) ("The findings of fact by the board of appeals must be treated in the same manner as a finding of fact by a jury"); *Townes Assoc's, Ltd. v. City of Greenville,* 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976) (holding that factual findings of the jury will not be disturbed unless there is no evidence which reasonably supports the jury's

findings). We refuse to apply a standard of review different from the any evidence standard in this case, for any other standard of review would be contrary to the legislature's intent in granting a planning commission broad discretion in this area. Furthermore, this standard of review does not violate the Kurschner's due process rights. *Fairfield Ocean Ridge, Inc. v. Town of Edisto Beach*, 294 S.C. 475, 480, 366 S.E.2d 15, 18 (Ct.App.1988) (holding the any evidence standard of review in zoning decisions does not violate procedural due process).[3]

For the foregoing reasons, we hold that the Commission's decision did not violate the Kurschner's procedural due process rights.

### III. Whether the Commission's Decision is Affected by an Error of Law

Finally, the Kurschners argue that the Commission's decision is unsupported by the evidence, controlled by an error of law, and resulted in a taking without just compensation. We disagree.

A decision of a zoning board will not be upheld where it is based on errors of law, where there is no legal evidence to support it, where the board acts arbitrarily or unreasonably, or where, in general, the board has abused its discretion. *Peterson Outdoor Advertising v. City of Myrtle Beach*, 327 S.C. 230, 235, 489 S.E.2d 630, 633 (1997).

In denying the Kurschner's application to subdivide their property the Commission relied on § 156.41(B)(2)(e) of the City of Camden's Land Development Regulations, which provides that historic sites "shall be preserved to the extent consistent with the reasonable utilization of the site." The Kurschners contend that this regulation requires that the Commission perform a balancing test to determine whether the proposed subdivision is an unreasonable use of the land and is inconsistent with its preservation. The Kurschners

---

3. The Kurschners filed a motion to argue against precedent and urge this Court to revisit *Fairfield Ocean Ridge* and hold that the any evidence standard of review violates procedural due process. The Kurschners have failed to present a compelling argument to overturn that case and we therefore decline to do so.

argue that because the Commission failed to apply this balancing standard, the decision was controlled by an error of law.

In our view, the Kurschners misinterpret this regulation. The regulation merely directs the Commission to determine whether subdividing the property will negatively impact the historic value of the site. The regulation does not mandate that the Commission apply a balancing test. *Byerly v. Connor*, 307 S.C. 441, 444, 415 S.E.2d 796, 799 (1992) (holding that the words of a regulation must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the regulation's operation). The Commission found that subdividing Sarsfield would negatively impact the historical value of the property, and evidence in the record supports this finding. Furthermore, in addition to § 156.41(B)(2)(e), the Commission based its decision on several other regulations, as well as the City of Camden's Comprehensive Plan. Thus, the Kurschner's argument with respect to § 156.41(B)(2)(e) addresses only part of the Commission's decision and cannot independently require reversal.

▮▮ Finally, any issues regarding whether this decision constituted a taking without just compensation may not be considered at this time. This is a direct appeal from a decision regarding whether to uphold the Commission's decision denying the Kurschner's application to subdivide their property. Any resulting issues raised by the operation of that decision would be not be ripe for judicial review at this stage, and those issues should be litigated in a separate action. *Waters v. S.C. Land Resources Conservation Com'n*, 321 S.C. 219, 227, 467 S.E.2d 913, 917–18 (1996) (holding that a justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute).

Therefore, we uphold the Commission's decision because it is not controlled by an error of law and it is supported by evidence in the record. *See* § 6-29-840 ("In determining the questions presented by the appeal, the court must determine only whether the decision of the board is correct as a matter of law.").

CONCLUSION

For the foregoing reasons, we affirm the Commission's decision in denying the Kurschner's application to subdivide their property.

MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.