THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 South Carolina
 Department of Health and Environmental Control, Respondent,
 v.
 Stephen R.
 Combos, Appellant.
 
 
 

Appeal From Charleston County
 Roger M. Young, Circuit Court Judge
Memorandum Opinion No. 2009-MO-029
Heard May 14, 2009  Filed June 15, 2009   
AFFIRMED

 
 
 
 Cotton
 C. Harness, III, of Austin & Rogers, of Mt. Pleasant, for Appellant.
 Carlisle 
 Roberts, Jr., of Columbia; and Chief Counsel Elizabeth Applegate Dieck, and Staff
 Attorney Davis A. Whitfield-Cargile, both of Charleston, all of DHEC, for
 Respondent.
 
 
 

PER
 CURIAM:  The circuit court ruled Stephen R. Combos violated an
 administrative enforcement order and directed him to remove an unauthorized
 dock extension that crossed a navigable waterway.  Combos appeals, arguing
 his rights to equal protection and due process were violated, and the South
 Carolina Department of Health and Environmental Control (DHEC) should be
 estopped from denying him a permit for the dock extension.  We affirm pursuant
 to Rule 220(b)(1), SCACR and the following authorities:  
Issue I:  23A
 S.C. Code Ann. Regs. 30-12(A)(2)(n) (Supp. 2001) (Docks must extend to the
 first navigable creek with a defined channel as evidenced by a significant
 change in grade with the surrounding marsh.  Such creeks cannot be bridged in
 order to obtain access to deeper water.); Heckler v. Chaney, 470 U.S.
 821, 831 (recognizing that an agencys decision not to prosecute or enforce,
 whether through civil or criminal process, is a decision generally committed to
 an agencys absolute discretion); Brownlee v. South Carolina Dept of
 Health & Envtl. Control, Op. No. 26620 (S.C. Sup. Ct. filed March 30,
 2009) (Shearouse Adv. Sheet No. 14 at 11) (finding DHEC applied the correct legal
 standard in determining the waterway at issue near the Bohicket River was
 navigable and in denying the permit applications of nearby landowners to
 construct dock extensions because the extensions would violate state law
 prohibiting the crossing of navigable waterways (citing former Regulation
 30-12-(A)(2)(n))); Grant v. South Carolina Coastal Council, 319 S.C.
 348, 354, 461 S.E.2d 388, 391 (1995) (The sine qua non of an equal protection
 claim is a showing that similarly situated persons received disparate
 treatment.); Olson v. South Carolina Dept of Health & Envtl. Control,
 379 S.C. 57, 70, 663 S.E.2d 497, 504 (Ct. App. 2008) (rejecting the plaintiffs
 argument that their equal protection rights were violated by the denial of
 their application for a dock permit because they failed to meet their burden
 of demonstrating they were treated differently from similarly situated
 landowners); see also Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach, 420 F.3d 322, 329 (4th Cir. 2005) (Even if we were to
 determine that plaintiffs project was similarly situated to other projects,
 they would still need to show purposeful discrimination.  If disparate
 treatment alone was sufficient to support a Constitutional remedy then every
 mistake of a local [governmental agency] in which the [agency] mistakenly treated
 an individual differently from another similarly situated applicant would rise
 to the level of a federal Constitutional claim.); Denene, Inc. v. City of
 Charleston, 359 S.C. 85, 96, 596 S.E.2d 917, 922 (2004) (stating even if a
 governmental entity does not enforce a provision equally, the fact that there
 is some unequal treatment does not necessarily rise to the level of a
 constitutional equal protection violation); 16C
 C.J.S. Constitutional Law § 1417 (2005) (An administrative agency
 must conform to equal protection requirements.).
Issue II:  Kurschner
 v. City of Camden Planning Commn, 376 S.C. 165, 171, 656 S.E.2d 346,
 350 (2008) (Procedural due process imposes constraints on governmental
 decisions which deprive individuals of liberty or property interests within the
 meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the
 United States Constitution.); id. (The fundamental requirements of due
 process include notice, an opportunity to be heard in a meaningful way, and
 judicial review. (citing S.C. Const. art. 1, § 22; Stono River Envtl. Prot. Assn v. South Carolina Dept of Health & Envtl. Control, 305
 S.C. 90, 94, 406 S.E.2d 340, 342 (1991))); Olson, 379 S.C. at 68, 663
 S.E.2d at 503-04 (Procedural due process requirements are not technical, and
 no particular form of procedure is necessary.); id. (To prevail on a
 claim of denial of due process, there must be a showing of substantial
 prejudice.); see also Sunrise Corp. of Myrtle Beach, 420 F.3d at
  328 (observing the states deprivation of a property interest must fall so far
 beyond the outer limits of legitimate governmental authority that no process
 could remedy the deficiency (cited in Harbit v. City of Charleston, Op.
 No. 4511 (S.C. Ct. App. filed Feb. 25, 2009) (Shearouse Adv. Sh. No. 11 at 58,
 66) (opinion amended May 4, 2009)); Sunset Cay, LLC v. City of Folly Beach,
 357 S.C. 414, 430, 593 S.E.2d 462, 470 (2004) (In order to prove a denial
 of substantive due process, a party must show that he was arbitrarily and capriciously
 deprived of a cognizable property interest rooted in state law.).
Issue III:  Grant v. City of Folly Beach, 346 S.C.
 74, 80, 551 S.E.2d 229, 232 (2001) (As a general rule, estoppel does not
 lie against the government to prevent the due exercise of its police power or
 to thwart the application of public policy.); id. (To prove estoppel
 against the government, the relying party must prove (1) lack of knowledge and
 of the means of knowledge of the truth as to the facts in question, (2) justifiable
 reliance upon the governments conduct, and (3) a prejudicial change in
 position.); Morgan v. South Carolina Budget & Control Bd., 377
 S.C. 313, 320, 659 S.E.2d 263, 267 (Ct. App. 2008) (stating the burden of
 proof is on the party asserting estoppel to establish all of its elements and
 [a]bsent even one element, estoppel will not lie against a government
 entity); id. (observing citizens are presumed to know the law and are
 charged with exercising reasonable care to protect their interests); see also S.C. Code Ann. § 48-39-170(C) (2008) (providing whenever DHEC determines there
 has been a violation of any permit, regulation, or statutory requirement, it
 may issue an order requiring compliance by the violator and may bring a civil
 enforcement action in the circuit court).
AFFIRMED.
TOAL, C.J.,
 WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.