**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Larry A. Yates, Appellant,

v.

The Estate of Alvin Yates, Respondent.

Appellate Case No. 2012-212594

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2014-UP-066
Submitted January 1, 2014 – Filed February 12, 2014

**AFFIRMED**

Larry A. Yates, of West Columbia, pro se.

Ronald R. Hall, of Hall & Hall Attorneys at Law, of
West Columbia, for Respondent.

**PER CURIAM:**  Larry A. Yates argues the trial court erred in denying his motion
to amend its order denying his Rule 60(b), SCRCP, motion.  Specifically, he
argues the trial court erred in (1) using the "sound discretion of the reviewing
judge" standard to review his Rule 60(b) motion; (2) failing to find the trial court's
order was void under Rule 60(b)(4) because his due process rights were violated

when the trial court failed to rule in his favor after he presented substantial, uncontested evidence; and (3) failing to find the trial court's order was void under Rule 60(b)(4) because his due process rights were violated when the trial court based its ruling on erroneous suppositions.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the standard of review:  Rule 60(b)(4), SCRCP (providing "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding"); *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 502 (2006) ("Whether to grant or deny a motion under Rule 60(b) lies within the sound discretion of the [court].").

2. As to the due process issue concerning the substantial, uncontested evidence:  Rule 60(b)(4), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons . . . the judgment is void."); *Universal Benefits, Inc. v. McKinney*, 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002) ("The definition of void under the rule only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction."); *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution."); *id.* ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review.").

3. As to the due process issue concerning the trial court's reliance on erroneous suppositions:  *Halersberg v. Berry*, 302 S.C. 97, 101, 394 S.E.2d 7, 10 (1990) (providing three partnership tests for determining whether a partnership exists:  (1) the sharing of profits and losses; (2) community of interest in capital or property; and (3) community of interest in control and management); *Madren v. Bradford*, 378 S.C. 187, 192, 661 S.E.2d 390, 393 (Ct. App. 2008) ("The appellate court will not disturb the trial court's findings of fact as long as they are reasonably supported by the evidence."); *Kurschner*, 376 S.C. at 171, 656 S.E.2d at 350 ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.