**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Moshtaba Vedad, Appellant,

v.

South Carolina Department of Transportation, Respondent.

Appellate Case No. 2012-212952

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

Unpublished Opinion No. 2014-UP-087
Heard January 9, 2014 – Filed March 5, 2014

**AFFIRMED**

Allan R. Holmes of Gibbs & Holmes, of Charleston, for Appellant.

Natalie Jean Moore, of Columbia, for Respondent.

**PER CURIAM:** In an appeal from the Administrative Law Court (ALC), Appellant Moshtaba Vedad (Vedad) seeks review of the ALC's order affirming the decision of the State Employee Grievance Committee to uphold Vedad's termination from his employment with Respondent South Carolina Department of

Transportation (SCDOT). Vedad contends that the ALC erred in finding that the procedures employed in his termination provided adequate due process. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the ALC erred in concluding the South Carolina State Employee Grievance Procedure Act does not create a property interest in continued state employment: S.C. Code Ann. §§ 8-17-320 to -340 (Supp. 2013) (providing a "covered [state] employee" with grievance rights and a procedure to appeal to the State Employee Grievance Committee for review of an agency's final decision regarding an adverse action against the employee; but not indicating a state employee has a "property interest" in continued employment); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) (finding "property interests" are not created by the Constitution, "'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as *state law* . . . .'" (emphasis added)) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

2.  As to whether the ALC erred in finding Vedad's post-termination hearing before the State Employee Grievance Committee afforded Vedad adequate due process in his termination proceedings: *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("Due process does not require a trial-type hearing in every conceivable case of government impairment of a private interest."); *id.* at 172, 656 S.E.2d at 350 ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands."); *see Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 69, 663 S.E.2d 497, 504 (Ct. App. 2008) (finding no violation of due process when post-termination hearing afforded notice and an opportunity to be heard at a meaningful time and in a meaningful manner).

3.  As to whether the ALC's decision to affirm Vedad's termination was supported by substantial evidence: S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2013) (providing, in pertinent part, that the court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact, but may reverse or modify the decision if the decision is clearly erroneous in view of the substantial evidence on the whole record); *Greeneagle, Inc. v. S.C. Dep't of Health & Envtl. Control*, 399 S.C. 91, 95, 730 S.E.2d 869, 871 (Ct. App. 2012) ("'Substantial

evidence' sufficient to support a finding of the ALC is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." (internal citation and quotation marks omitted)); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.") (quoting *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011)).  Based upon our review of the record, the ALC's order affirming the decision to terminate Vedad is supported by substantial evidence.  Specifically, the ALC's decision is supported by the GPS reports indicating many of Vedad's trips appeared to be of a personal nature, a photograph of Vedad's assigned SCDOT vehicle parked near his home on a stop that was not logged-in on his mileage report, and other evidence indicating discrepancies in his time and mileage logs.

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**