**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

John Doe, Jane Doe, and Mary Roe, Defendants,

Of whom John Doe and Jane Doe are the Appellants,

and

Mary Roe is a Respondent.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-001804

Appeal From Lexington County
Thomas T. Hodges, Family Court Judge,
W. Greg Seigler, Family Court Judge

Unpublished Opinion No. 2021-UP-194
Submitted May 1, 2021 – Filed June 9, 2021

**AFFIRMED IN PART, DISMISSED IN PART**

Deborah J Butcher and Robert J. Butcher, both of The Camden Law Firm, PA, of Camden, for Appellants.

John D. Elliott, of Columbia, for Respondent Mary Roe.

Scarlet Bell Moore, of Greenville, for Respondent South Carolina Department of Social Services.

Robin Page, of Law Office of Robin Page, LLC, of Columbia, for the Guardian ad Litem.

---

**PER CURIAM:**  John Doe and Jane Doe appeal a probable cause order finding probable cause existed for law enforcement to place Child in emergency protective custody after Jane refused to pick him up from a residential treatment facility when he was discharged.  They also appeal an order dismissing a removal action against them filed by the Department of Social Services (DSS).  On appeal, the Does argue (1) the family court erred in dismissing this matter without allowing the Does to conduct discovery; (2) the Does are entitled to services from DSS without a finding of harm by the family court; (3) the family court may issue an order with no finding of probable cause of harm by a parent solely on the basis that a child is a threat of harm to himself or others and require DSS to provide services; and (4) court information sheets submitted to the family court by DSS (a) are ex parte filings, (b) lack procedural and statutory basis, and (c) violate the Rules of Professional Conduct and the Canons of Judicial Conduct.  We affirm in part and dismiss in part.

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

"Before any action can be maintained, there must exist a justiciable controversy."  *Byrd v. Irmo High Sch.*, 321 S.C. 426, 430, 468 S.E.2d 861, 864 (1996).  "A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character."  *Id*. at 430-31, 468 S.E.2d at 864.  "This Court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."  *Id*. at 431, 468 S.E.2d at 864.  "A case

becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973).

The family court properly granted DSS's motion to dismiss its removal action after DSS determined the allegations of harm were unfounded. *See* S.C. Code Ann. § 63-7-1660(A) (2010) ("[DSS] may petition the family court to remove the child from custody of the parent, guardian, or other person legally responsible for the child's welfare if [DSS] determines by a preponderance of evidence that the child is an abused or neglected child . . . ."); S.C. Code Ann. § 63-7-1660(E) (2010) ("The court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child as defined in Section 63-7-20 . . . ."). Further, the issue of whether the family court erred in dismissing the Does' counterclaims is moot because those same counterclaims are pending before the family court in a new removal action.[1] Even if the family court erred in dismissing the counterclaims, the only effective relief this court could provide would be to reinstate the counterclaims, which are currently pending in the family court. *See Jernigan v. King*, 312 S.C. 331, 335, 440 S.E.2d 379, 382 (Ct. App. 1993) ("[W]here reversal on an issue would not change the result, the issue is moot, and the Court of Appeals need not reach it."). The remaining issues the Does ask this court to decide are not ripe because a record has not been made, the family court has not addressed those issues, and whether the Does are aggrieved by the family court's decision is contingent upon what the family court decides in the action currently pending before it. *See Sloan v. Greenville Cty.*, 356 S.C. 531, 547, 590 S.E.2d 338, 346 (Ct. App. 2003) ("The concept of justiciability encompasses the doctrines of ripeness, mootness, and standing."); *Jowers v. S.C. Dep't of Health & Env't Control*, 423 S.C. 343, 353, 815 S.E.2d 446, 451 (2018) ("We have explained ripeness by defining what is not ripe, stating 'an issue that is contingent, hypothetical, or abstract is not ripe for judicial review.'" (quoting *Colleton Cty. Taxpayers Ass'n v. Sch. Dist. of Colleton Cty.*, 371 S.C. 224, 242, 638 S.E.2d 685, 694 (2006))); Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, or sentence may appeal."); *cf. Kurshner v. City of*

---

[1] We decline to apply an exception to the mootness doctrine. *See Sloan v. Greenville Cty.*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("The utilization of an exception under the mootness doctrine is flexible and discretionary pursuant to South Carolina jurisprudence, not a mechanical rule that is automatically invoked.").

*Camden Planning Comm'n*, 376 S.C. 165, 175, 656 S.E.2d 346, 352 (2008) (declining to consider whether a planning commission's denial of an application to subdivide property "constituted a taking without just compensation" because such issues "would not be ripe for judicial review at this stage, and those issues should be litigated in a separate action").

**AFFIRMED IN PART, DISMISSED IN PART.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.