**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

State Ethics Commission, Respondent,

v.

Charles E. Houston, Jr., Appellant.

Appellate Case No. 2018-002106

---

Appeal From The State Ethics Commission

---

Unpublished Opinion No. 2021-UP-176
Submitted April 1, 2021 – Filed May 19, 2021
Withdrawn, Substituted, and Refiled, August 25, 2021

---

**AFFIRMED**

---

Charles E. Houston, Jr., of Fayetteville, Georgia, pro se.

General Counsel Courtney Michelle Laster, of the State Ethics Commission, of Columbia, for Respondent.

---

**PER CURIAM:**  Charles E. Houston, Jr. appeals an order of the State Ethics Commission's Appellate Panel affirming the decision of the Commission's Hearing Panel, which found Houston violated the Ethics, Government Accountability, and Campaign Reform Act (the Act)[1] by failing to file a certified campaign report

---

[1] S.C. Code Ann. §§ 8-13-100 to -1520 (1986, 2019, & Supp. 2011).

fifteen days before the November 6, 2012 election.  The Appellate Panel also affirmed the Hearing Panel's assessment of a $1,900 late-filing fee for Houston's certified campaign report and imposed an administrative fee of $500.  On appeal, Houston argues (1) section 8-13-1308 of the Act does not clearly apply to candidates for public office who have not received any campaign contributions and the statute is ambiguous and perniciously vague; (2) the Hearing Panel erred in denying his Rule 12(b)(6) motion to dismiss because he did not have any campaign contributions or expenditures to report under section 8-13-1308; (3) he was prejudiced and his due process rights were violated by the Commission's failure to provide him, upon his request, with the appropriate forms and notice of the reporting requirements of section 8-13-1308 as required by section 8-13-320(1); (4) the Hearing Panel lacked jurisdiction because only two of the statutorily required three members appeared; thus, the entire proceeding was null and void; (5) the Commission did not provide him with adequate notice because he did not receive the notice the Commission sent by certified mail; (6) his due process rights were violated by the Commission's actions to assess penalty and daily fines against him prior to his receiving notice of the required filing; and (7) the Commission lacked jurisdictional authority to impose the sanction of a public reprimand against him because he was a candidate for town counsel and not a candidate for the state legislature or other statewide elected office.  We affirm.

Panel hearings before the Commission are conducted pursuant to the Administrative Procedures Act (the APA).[2]  *See* S.C. Code Ann. § 8-13-320(10)(j) (Supp. 2011) ("A panel of three commissioners must conduct a hearing in accordance with [the APA], except as otherwise expressly provided.").  "[A] respondent may apply to the [C]ommission for a full [C]ommission review of the decision made by the [C]ommission panel."  S.C. Code Ann. § 8-13-320(10)(m) (Supp. 2011).  A full Commission review is the final disposition of the complaint before the Commission.  *Id*.  A respondent may appeal the final disposition to this court.  *Id*.  Under the APA,

> [An appellate] court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact.  [An appellate] court may affirm the decision of the agency or remand the case for further proceedings.  [An appellate] court may reverse or modify the decision if substantial rights of the appellant have been

---

[2] S.C. Code Ann. §§ 1-23-10 to -680 (2005 & Supp. 2020).

prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-380(5) (Supp. 2020).

First, Houston's argument that the Act does not clearly apply to him is without merit because the Act's plain language conveys a clear and definite meaning that it applied to Houston. *See Rainey v. Hodges*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."); *id*. ("Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute."); *id*. ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Here, Houston was a candidate for Hilton Head Island Town Council. He did not engage in campaign activity or file a certified campaign report before his November 2012 election. Section 8-13-1308 requires all candidates, regardless of money raised or spent, to file a certified campaign report fifteen days before an election; further, the second sentence of section 8-13-1308(A) requires candidates who do not raise or spend $500, such as Houston, to file a certified campaign report fifteen days before an election. *See* § 8-13-1308(A) (2019) ("[A] candidate who does not receive or expend campaign contributions totaling an accumulated aggregate of five hundred dollars or more must file an initial certified campaign report fifteen days before an election."). Section 8-13-1308(D)(1) advises candidates of what to disclose and the time frame to include in the report. *See* § 8-13-1308(D)(1) (2019) ("At least fifteen days before an election, a certified campaign report must be filed showing contributions

of more than one hundred dollars and expenditures to or by the candidate or committee for the period ending twenty days before the election."). While Houston did not engage in campaign activity and therefore did not have any contributions of $100 or more to include in his certified campaign report under section 8-13-1308(D), section 8-13-1362(A) requires candidates to file a certified campaign report even when the candidate did not receive or spend money. *See* § 8-13-1362(A) (2019) ("If a candidate . . . has not accepted any contributions and has not made any expenditures during a reporting period, the candidate . . . must file a statement of inactivity."); § 8-13-1362(B) (2019) ("A statement of inactivity must include the candidate's . . . name and address; the type of report, pre-election or quarterly; and a statement by the candidate . . . verifying that no contributions were received and no expenditures were made during the reporting period.").

Second, the Hearing Panel properly denied Houston's motion to dismiss as the Commission stated sufficient facts to constitute a cause of action against Houston. *Cf.* Rule 12(b)(6), SCRCP (allowing for dismissal of a cause of action when the complaint fails to state facts sufficient to constitute a cause of action).

Third, while the coversheet for the Panel Hearing transcript lists only two commissioners, the text of the transcript and the resulting Hearing Panel order list three commissioners as being present at the Panel Hearing; therefore, sufficient evidence in the record supports that three commissioners were present at the Panel Hearing. *See* S.C. Code Ann. § 8-13-320(10)(j) ("A panel of three commissioners must conduct a hearing in accordance with [the APA], except as otherwise expressly provided. Panel action requires the participation of the three panel members.").

Fourth, we hold the Act provides that any failure by the Commission to notify and provide Houston with relevant forms did not relieve him of his filing responsibilities, did not prejudice him, and did not constitute a violation of his due process rights. Section 8-13-1364 states "[a] candidate . . . is not relieved of reporting responsibilities if the notice or forms are not sent or if the candidate . . . does not receive a notice or forms." Further, the Commission prescribes, provides, and accepts the filings of all required forms and statements exclusively through its Internet-based filing system as mandated by the Legislature. *See* § 8-13-365 (Supp. 2011) ("The [C]ommission shall establish a system of electronic filing for all disclosures and reports . . . . These disclosures and reports *must* be filed using an Internet-based filing system as prescribed by the [C]ommission." (emphasis added)). At the Panel Hearing, Kristin Nabors, an administrative coordinator in charge of non-compliance for the Commission, testified Houston electronically

filed his statement of economic interest on August 14, 2012, and paper filings were not permitted at that time. Nabors stated all candidates who electronically file a statement of economic interest receive a pop-up notifying them of the requirement to file a certified campaign report fifteen days before the election. Further, while Houston contends he filed his statement of economic interest on paper at the town hall because the Internet was not working, he stated during the Panel Hearing that he could not recall how he filed the statement and admitted he may have done so electronically. Therefore, we find substantial evidence in the record supports that Houston received notice of the requirement to file a certified campaign report on August 14, 2012, which was more than fifteen days before his November 2012 election date.

Fifth, we find Houston's due process argument is without merit because substantial evidence in the record supports that Houston received notice on August 14, 2012, when he filed his statement of economic interest. *See Strother v. Lexington Cty Recreation Comm'n*, 332 S.C. 54, 63-65 504 S.E.2d 117, 122-23 (1998) (holding actual notice exists where the person sought to be charged either knows of the existence of the particular facts in question or is conscious of having the means of knowing it even though such means may not be employed by him). Additionally, the Commission complied with the requirements of the Act by sending notice of the fines via first class and certified mail to the address Houston had on file with the Commission. *See Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (stating due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *id*. at 315 ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."); S.C. Code Ann. § 8-13-1510(A) (2019) ("Except as otherwise specifically provided in this chapter, a person required to file a report or statement under this chapter who files a late statement or report or fails to file a required statement or report must be assessed a civil penalty as follows: (1) a fine of one hundred dollars if the statement or report is not filed within five days after the established deadline provided by law in this chapter; and (2) after notice has been given by certified or registered mail that a required statement or report has not been filed, a fine of ten dollars per calendar day for the first ten days after notice has been given, and one hundred dollars for each additional calendar day in

which the required statement or report is not filed, not exceeding five thousand dollars.").[3]

Sixth, Houston's argument the Commission lacked jurisdiction to impose a public reprimand is without merit because section 8-13-780(B) specifically allows the Commission to impose an oral or written reprimand against a candidate. *See* § 8-13-780(A) (2019) ("The provisions of this section are in addition to all other civil and administrative remedies against *public officials*, public members, or public employees which are provided by law." (emphasis added)); § 8-13-100(27) (2019) ("'Public official' means an elected or appointed official of the State, a county, a municipality, or a political subdivision thereof, *including candidates for the office*." (emphasis added)); § 8-13-780(B) ("In addition to existing remedies for breach of the ethical standards of this chapter or regulations promulgated hereunder, the State Ethics Commission may impose an oral or written warning or reprimand.").

**AFFIRMED.**[4]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[3] To the extent Houston argues the Commission should have notified him of the requirement to file a certified campaign report pursuant to Rule 4(D)(8) of the South Carolina Rules of Civil Procedure or the standard set forth in *State v. Binnarr*, 400 S.C. 156, 733 S.E.2d 890 (2012), these arguments are not preserved for appellate review because Houston failed to present these arguments to the Hearing Panel or the Appellate Panel. *See S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[I]t is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.