**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Alonzo Jeter, III, Appellant,

v.

South Carolina Department of Social Services,
Respondent.

Appellate Case No. 2019-001835

---

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-030
Submitted January 10, 2022 – Filed January 26, 2022

---

**AFFIRMED**

---

Alonzo C. Jeter, III, pro se.

Chad A. Mitchell, of Columbia, for Respondent.

---

**PER CURIAM:** Alonzo Jeter, III appeals the administrative law court's (ALC) decision to affirm the South Carolina Department of Social Services' (DSS) Office of Administrative Hearings' (OAH) dismissal of his request for a hearing to appeal the determination he was required to pay $3,400 he improperly received in Supplemental Nutrition Assistance Program (SNAP) benefits as untimely. Jeter asserts the ALC erred by (1) affirming OAH's decision that his request for a

hearing was untimely; (2) affirming DSS's decision that he was ineligible to receive SNAP benefits; (3) affirming DSS's decision to seek reimbursement for the $3,400 in SNAP benefits he received; and (4) abusing its discretion and violating his rights of due process by denying him an opportunity to file a reply brief. We affirm.

1. The ALC did not err in affirming OAH's decision that Jeter's request for a hearing was untimely. "In an appeal from the decision of an administrative agency, the Administrative Procedures Act provides the appropriate standard of review." *Original Blue Ribbon Taxi Corp. v. S.C. Dep't of Motor Vehicles*, 380 S.C. 600, 604, 670 S.E.2d 674, 676 (Ct. App. 2008).

> The court may not substitute its judgment for the judgment of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C. Code Ann. § 1-23-380(5) (Supp. 2020).

DSS sent Jeter an overpayment demand letter dated December 11, 2013, informing him that he had received an overpayment of $3,400 in SNAP benefits from November 2011 through March 2013. The letter explained Jeter was ineligible to receive SNAP benefits because he pled guilty to a felony drug conviction in October 2004 and stated that he was required to pay back the $3,400 in SNAP benefits he received. Jeter did not request a hearing on DSS's determination until August 13, 2018, over four years after he received the overpayment demand letter. Regulation 114-180(C)(1)(a) of the South Carolina Code (2012) mandates that "[r]equests for [a] hearing must be filed with the caseworker or the OAH . . . within ninety (90) days of notice of the adverse action for [SNAP benefits]." Thus, the

ALC did not err in affirming OAH's determination that Jeter's request for a hearing was untimely.

2. Based on our determination the ALC did not err in affirming OAH's decision that Jeter's request for a hearing was untimely, we need not address whether the ALC erred in affirming DSS's decision that Jeter was ineligible to receive SNAP benefits. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

3. Based on our determination the ALC did not err in affirming OAH's decision that Jeter's request for a hearing was untimely, we need not address whether the ALC erred in affirming DSS's decision that it could seek reimbursement for the SNAP benefits Jeter received. *See id.* (noting an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

4. The ALC did not abuse its discretion or violate Jeter's due process rights by denying him an opportunity to file a reply brief with the ALC. DSS filed its respondent's brief to Jeter's appeal to the ALC on September 3, 2019. Accordingly, Jeter had until September 18, 2019 to file his reply brief. *See* SCALC Rule 4B ("The date of the filing is the date of delivery or the date of mailing."); SCALC Rule 37A ("A reply brief and one copy may be filed ten (10) days [after the respondent filed its brief]."). On September 16, 2019, Jeter filed a return to DSS's motions to amend the record and a file brief late. The ALC issued its final order September 20, 2019. Thus, the ALC did not abuse its discretion or violate Jeter's due process rights by issuing its final order without permitting Jeter to file a reply brief. *See Bundy v. Shirley*, 412 S.C. 292, 303, 772 S.E.2d 163, 169 (2015) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review." (quoting *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008))).

**AFFIRMED.**[1]

**KONDUROS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.