**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Teresa Melhado and Dane Neller, Appellants,

v.

City of Charleston, City of Charleston Board of Zoning Appeals, George Wallace, Erika Wallace, and Erika R. Hayes, Trustee of the Erika R. Hayes Revocable Trust u/a/d 8-4-2016, Respondents.

Appellate Case No. 2022-000973

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-278
Heard April 9, 2025 – Filed August 6, 2025

**AFFIRMED**

Jonathan L. Yates, Brian A. Hellman, and Jason S. Smith, all of Hellman & Yates PA, of Charleston, for Appellants.

George Trenholm Walker and Jennifer S. Ivey, of Walker Gressette Freeman & Linton, LLC, of Charleston, for Respondents George Wallace, Erika Wallace, and Erika R. Hayes, Trustee of the Erika R. Hayes Revocable Trust u/a/d 8-4-2016.

Timothy Alan Domin, of Clawson and Staubes, LLC, of Charleston, for Respondents City of Charleston and City of Charleston Board of Zoning Appeals.

**PER CURIAM:** Teresa Melhado and Dane Neller (Appellants) appeal the circuit court's order affirming the decisions of the Board of Zoning Appeals (the BZA) of the City of Charleston (the City).  Appellants argue the circuit court erred in (1) applying federal procedural law by declining to reconsider issues that were raised but not ruled upon; (2) relying on "tainted, faulty evidence" when Appellants were not afforded the opportunity to object because they were "technologically gagged and ousted" in the Zoom Webinar hearing in violation of the procedural ordinance, statute, and constitutional due process; and (3) making additional errors of law and arbitrary and capricious findings.  We affirm pursuant to Rule 220(b), SCACR.[1]

1.      We find the circuit court did not err in applying federal procedural law.  Although the circuit court cited federal law, it also cited two South Carolina cases in its order denying the motion for reconsideration.  The circuit court's mere citation of two federal cases did not constitute an error that affected the result.  *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) ("Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result.").

2.      We find no error by the circuit court in holding the hearing via Zoom Webinar or violation during the hearing of Appellants' rights.  Appellants argue they were "technologically gagged and ousted" by the Zoom Webinar platform in violation of their rights to due process.  Appellants had the opportunity to be heard at both the initial BZA hearing and the hearing on the motion to reconsider.  However, Appellants maintain they could not adequately respond during the

---

[1] In October 2024, the Wallaces moved to dismiss this appeal as moot because the addition that was the subject of the variance had been fully constructed using all necessary approvals and permits, a Certificate of Occupancy had been issued, and the Wallaces had occupied the Property for over a year.  They argued neither the BZA nor the City would have any means to grant Appellants the relief they requested—for this court to vacate the circuit court's orders and remand the matter to the BZA for a new, de novo hearing.  By order dated November 14, 2024, this court took no action on the motion to dismiss, return, and reply.  Rather, it notified the parties the motion would be considered with the record and briefs.  By virtue of this affirmance, the motion to dismiss is denied.

hearing because of the participant control function of Zoom Webinar and further argue that because the BZA did not hear additional arguments outside of the allotted ten minutes, they were deprived of due process. We disagree. *See* S.C. Const. art. I, § 3 (providing for due process and equal protection of law); *Stono River Envtl. Protection Ass'n v. S.C. Dep't of Health and Envtl. Control*, 305 S.C. 90, 94, 406 S.E.2d 340, 342 (1991) ("Due process is flexible and calls for such procedural protections as the particular situation demands." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972))); *Kurschner v. City of Camden Plan. Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *First Fed. Sav. Loan Ass'n of Walterboro v. Bd. of Bank Control*, 263 S.C. 59, 65, 207 S.E.2d 801, 804 (1974) ("[Due process] does not require a trial-type hearing in every conceivable case of government impairment of private interest." (quoting *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 894 (1961))). The format of the hearing was read by the chairman at the outset of the meeting, and all the time limits were adhered to. The challenged portion of the hearing occurred at the end when members of the BZA asked the applicant, George Wallace, clarifying questions before imposing a condition on the variance granted. Appellants argue they would have objected at numerous points during this portion of the hearing. As laid out in the hearing procedures, participants are not afforded additional time outside of the time limits unless they are asked questions directly by board members. Here, George was asked additional questions; therefore, he was given additional time to answer. The BZA did not have questions for Appellants. Accordingly, they were not afforded extra time. We find Appellants were afforded the right to be meaningfully heard and the temporary remote procedures employed by the BZA during the pandemic did not violate their right to due process.

3.      We find the circuit court did not make errors of law or arbitrary and capricious findings in affirming the BZA. In its order, the circuit court emphasized that, in making its final decision, it considered the hearing transcripts, the written decisions of the BZA, the Appellants' petitions, the memoranda of law submitted by the parties, as well as oral arguments. Specifically, the court found the record established a factual basis for the BZA's conclusion that there are extraordinary and exceptional conditions pertaining to the property at issue warranting a variance generally not applicable to neighboring properties. We find no reversible error. *See Boehm v. Town of Sullivan's Island Bd. of Zoning Appeals*, 423 S.C. 169, 182, 813 S.E.2d 874, 880 (Ct. App. 2018) (explaining that in a review of a decision of a zoning board of appeals, this court applies the same standard of review as the circuit court); S.C. Code Ann. § 6-29-840 (Supp. 2024) (requiring the circuit court

to treat the findings of fact by a zoning board of appeals "in the same manner as a finding of fact by a jury," and "[i]n determining the questions presented by the appeal, the court must determine only whether the decision of the board is correct as a matter of law"); *Rest. Row Assocs. v. Horry County*, 335 S.C. 209, 215-16, 516 S.E.2d 442, 446 (1999) (stating the decision of a zoning board of appeals must not be disturbed if there is supporting evidence in the record and a reviewing court must not substitute its judgment for that of the board, "even if it disagrees with the decision"). We also find no error by the circuit court in relying on the testimony of "City staff" Batchelder, "who was not sworn in to testify either as [a] fact or [an] expert witness but merely offered unsworn remarks and recommendations" at the hearing. Batchelder is the Zoning Administrator for the City of Charleston. His testimony and recommendations are utilized at most, if not all, BZA hearings in his capacity as Zoning Administrator. Appellants argue Batchelder's testimony did not provide evidentiary support for the BZA's decision; therefore, it was error to rely on his statements. However, in its order, the circuit court emphasized that, in making its final decision, it considered the hearing transcripts, the written decisions of the BZA, the Appellants' petitions, the memoranda of law submitted by the parties, as well as oral arguments. Based on the foregoing and our limited standard of review, we find there was no undue reliance on Batchelder's testimony and ample evidence in the record to support the circuit court's affirmance of the BZA. *See Rest. Row Assocs.*, 335 S.C. at 215, 516 S.E.2d at 446 (finding the decision of a zoning board of appeals must not be disturbed if there is supporting evidence in the record).

**AFFIRMED.**

**THOMAS, HEWITT, and CURTIS, JJ., concur.**